JAMES LINDSAY v. JOHN McINERNEY.

Submitted July 12, 1898—Decided November 7, 1898.

A declaration upon a bond, in a suit brought in the name of someone other than the obligee, which does not aver a legal assignment of the bond to the plaintiff, is demurrable, although it is therein recited that the plaintiff is an assignee.

---

On demurrer to the declaration.

Before Magie, Chief Justice, and Justices Dixon, Ludlow and Collins.

For the demurrant, *James R. Bowen.*

*Contra, Horace L. Allen.*

The opinion of the court was delivered by

Collins, J.   The declaration recites that the defendant was summoned to answer unto the plaintiff, "assignee of Eugene Murphy, by assignment dated December 1st, 1897," and then proceeds to set up a supposed cause of action upon a joint and several bond dated December 6th, 1897, given by the defendant and another person to Eugene Murphy; and to assign as breach, the failure of the defendant to pay to the plaintiff the penalty of the bond.

There are several defects in this declaration, but our decision in favor of the demurrant may rest upon its failure to show title in the plaintiff to the bond in suit.  No assignment of the bond is averred or can be gathered even by inference. In the stating part of the pleading there is, generally, but not always, added to the name of Murphy where occurring the designation "assignor as aforesaid" and to that of the plaintiff the designation "assignee as aforesaid," but there is no averment, direct or indirect, of any assignment of the bond.

With certain exceptions not now pertinent, title and estate must always be pleaded with fullness and particularity.  *Steph. Pl., p.* 304, *et seq.*   When claim is made by the assignee of a chose in action assignable at law, by suit thereon in his own name, the fact of the assignment must be pleaded by direct averment.   *Gaskill* v. *Barbour, November Term,* 1897.   For want of such averment this declaration must fall.

The plaintiff argues that the defect mentioned is one of form, which can only be availed of by a motion to strike out, in lieu of a special demurrer, but it is clearly of substance going to the very foundation of the plaintiff's claim.

Judgment must go in favor of the defendant with the usual leave to the plaintiff to amend on payment of costs.