HENRY P. CULLEN, DEFENDANT IN ERROR, v. MAURICE WOOLVERTON, ADMINISTRATOR OF ASHER WOOLVER- TON, DECEASED, PLAINTIFF IN ERROR.

Submitted July 12, 1899—Decided November 20, 1899.

1.  Where a suit is brought by the assignee of a chose in action in his own name, pursuant to the authority of the act of 1890 (*Gen. Stat., p.* 2591, ¿ 340), and a demand is made by the defendant before pleading for a bill of particulars of the plaintiff's demand and for a copy of any bond, note, contract, deed, record or writing on which the declaration is founded, in accordance with section 236 of the Practice act (*Gen. Stat., p.* 2572), the plaintiff must furnish the defendant with a copy of the assignment of such chose in action, in addition to such other writings as consti- tute the foundation of the action, or be barred from all claim under the declaration.

2.  The admission of such an assignment in evidence over defendant's objection after such demand made and failure to furnish a copy of the same—*Held,* under the circumstances of the present case, to be rever- sible error.

On error to the Hunterdon Circuit.

For the plaintiff in error, *Albert D. Anderson* and *Charles A. Skillman.*

For the defendant in error, *Richard S. Kuhl.*

The opinion of the court was delivered by

HENDRICKSON, J.    This is an action brought by the de- fendant in error against the administrator of Asher Woolver- ton, deceased, to recover a claim for alleged services of David Lawshe, a stepson, as nurse and attendant upon his step- father during the latter part of his life.    The plaintiff below claimed the right to bring the suit in his own name, by virtue of an assignment of the claim alleged to have been made to him by Lawshe, under the authority of the act of 1890.    *Gen. Stat., p.* 2591, § 340.

The trial of the case resulted in a verdict for the plaintiff,

and the defendant brings the case here on exceptions to the ruling of the presiding judge.

One of the principal grounds assigned for error is the ruling of the learned trial judge in admitting proof of the written assignment of the claim over the objection of the defendant. Its admission was objected to on the ground that the plaintiff had failed to furnish the defendant with a copy of the assignment pursuant to his written demand for the same previously made, in accordance with section 236 of the Practice act. *Gen. Stat., p.* 2572.

The plaintiff's contention was and is that the assignment of the claim does not come within the purview of the statute in question, and that when the statute directs the plaintiff to furnish upon demand, in writing, " a copy of any bond, note, contract, deed, record or writing on which the declaration is founded," or, in default thereof, that he shall be barred from all claim under such declaration, it refers only to such a writing as evidences the original cause of action before the assignment and not that which embodies the transfer of the chose in action to the assignee thereof. The reasons urged in support of this contention are that the word "assignment" does not appear as one of the writings named in the statute, and that the declaration in the case is not founded upon the written assignment of the claim but on a contract for work and labor, a schedule of which is annexed to the declaration.

The declaration does not, in point of fact, set out the assignment; it contains the common counts only. The only reference made to the assignment is in the schedule, which is not a part of the pleadings. The record before us, however, shows that the case was tried between the parties on the basis that the assignment of the claim to the plaintiff was an essential link in the evidence in support of the plaintiff's right to sue in his own name.

It is quite clear that the declaration was defective in not setting forth the assignment as part of plaintiff's cause of action. This view is sustained by recent cases in our Supreme

Court. *Lindsay* v. *McInerney*, 33 *Vroom* 524; *Gaskill* v. *Barbour*, *Id.* 530.

Under the pleadings as they stood the defendant, by reasonable objection, on the ground of variance, would have been entitled to the exclusion of the plaintiff's evidence, and a nonsuit must have followed unless the court, upon application, had allowed the pleadings to be amended in the particular named.

But the parties having tried the case as if the pleadings were regular, as before stated, the plaintiff will not now be heard to say in support of the ruling objected to that the declaration did not support the case as presented by him at the trial.

After a trial on the merits it is too late to raise the question of the sufficiency of the pleadings. *Gorman* v. *Bigler*, 8 *Pa. Super. Ct.* 440, and cases cited. See, also, *Yazoo and Monte Vista Railway Co.* v. *Wagner*, 87 *Fed. Rep.* 855 .

This view, while correct in principle, also gives effect to the evident intent of the statute, which was to enable the plaintiff to demand a copy of any writing on which the pending action was founded. This seems to have been the construction placed upon it by the late Chief Justice in *Marryott* v. *Young*, 4 *Vroom* 336, where, in speaking of this statute, he says: "The statute referred to requires the plaintiff to furnish a copy only of a record when it forms the foundation of the action."

The assignment in question was undoubtedly a writing upon which the action of the plaintiff was founded; without it he could have had no standing in court to prosecute his claim. It follows that the action of the court in admitting the assignment in evidence under the circumstances was erroneous, and for that reason the judgment must be reversed.

There were other exceptions argued, but in view of the conclusion already reached they need not now be considered.

The result is that the judgment is reversed and that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.  14.