JAMES N. FULLER, respondent,

*v.*

ALEXANDER HOLLANDER & COMPANY (a corporation), appellant.

[Argued June 26th, 1900.   Decided November 19th, 1900.
Filed December 5th, 1900.]

1. The power conferred by the General Corporation act (*P. L. of 1896 p. 292 § 44*) summarily to order books of a corporation to be forthwith brought within this state, is exercisable by a justice of the supreme court, or by the court of chancery, only when a situation exists in which the judicial authority whose action is invoked can exercise control over the books after compliance with the order.   That situation constitutes the "proper cause" contemplated by the act.

2. The jurisdiction of the court of chancery to compel production, for inspection, of books and papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court, and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only, in aid of a prosecution or defence in litigation pending or contemplated.

3. For mere denial to a stockholder of the right of inspection of the books and papers of a corporation, the sole remedy is by *mandamus.*

On appeal from the following order, advised by Vice-Chancellor Reed:

"This matter being opened to the court by W. Holt Apgar, of counsel with the petitioner, and Robert H. McCarter, of counsel with the defendant, and the arguments of counsel having been heard, it is, on this 14th day of November, 1899, ordered that the said Alexander Hollander & Company do forthwith bring within this state all and every the books of the said corporation, whether in the form of bound volumes or single writings, as well as day-books, journals, cash-books, check-books, bank-books, order-books, shipping-books, rebate-books, ledger checks, receipts, check stubs, letter-books, letter press copies, balance sheets, ciphers, cipher keys, as all and every other book and books, whether of original entry or otherwise, by whatsoever name or names

designated, known or styled, containing or showing, or in any way relating to or concerning any of the business and affairs, the receipts, commissions, disbursements, expenses, income and profits, and all the business and transactions, of whatsoever name, nature and character, of the said Alexander Hollander & Company, from the day of the date of its incorporation, on the 25th day of April, 1898, to and until including the day of the date of this order, and deliver the same at the office of Frank P. McDermott, at No. 259 Washington street, in Jersey City, on or before the 25th day of November, 1899, the same to there remain, and to be left and kept, at the said office, and in the custody of the said Frank P. McDermott, until including the 2d day of December, 1899, and thereafter for such longer period, if any, as said petitioner may then be advised to ask, and this court may grant, and until the further order of this court permitting the removal thereof by the defendant from the said office, and that during the said period the said petitioner and his attorneys and counsel, with such agents, clerks, accountants and experts as said petitioner or his attorneys or counsel shall choose to assist him and then therein, shall have and be given, and be and they hereby are granted and given, full and free access thereto, and to all thereof, and full inspection thereof, in order that he and they may make full and complete examination, abstract and copy thereof, as he and they may be advised.

"And it is further ordered that the said defendant, Alexander Hollander & Company, shall pay the costs of filing this petition and order."

The following is the vice-chancellor's memorandum opinion:

"Whatever books the company has, except the stock and transfer-books, are at its New York office. The petitioner is denied an inspection of them. The denial is put upon the ground that he has no real interest in the affairs of the corporation which entitles him to an inspection of the corporate books. It is charged by the respondent that while a certificate for one share of stock was issued to him, and he was elected a director and treasurer and secretary of the newly-fledged corporation, nevertheless all this was illusory, and, in fact, the petitioner never paid for his share, and by an understanding between Mr. Hollander and him-

Fuller *v.* Hollander & Co.

self he was to be a mere shadow, with no interest whatever in the corporation.

"The certificate having been issued and receipted for, the inference is that it was paid for.

"I am not satisfied that Mr. Hollander paid for it, but if he did, Fuller, by virtue of the certificate, became the owner of one share. Otherwise his election as director and the whole scheme was a fraud upon the Corporation act, which Hollander should not be permitted to set up.

"I will order the books to be brought to the New Jersey office, to be kept there for one week for the inspection of the petitioner at such time as the parties may select, or on failure to agree upon the time, at such time as I hereafter direct."

*Mr. Robert H. McCarter* (with whom was *Mr. Albert E. Seibert,* of the New York bar), for the appellant.

*Mr. W. Holt Apgar* (with whom was *Mr. W. R. Spooner,* of the New York bar), for the respondent.

The opinion of the court was delivered by

COLLINS, J.

We have not examined the question considered by the learned vice-chancellor, because we think that the order advised was *coram non judice.* The order was made after summary hearing upon an original petition not filed in, or referring to, any pending cause. The petitioner alleged that he was the holder of stock in a company formed under the General Corporation act of this state, and was also the secretary and treasurer thereof, and that, except the stock and transfer-books, all the books of the company were in the city of New York, in the custody of the president of the company. He further alleged that the president owed the company, and that he believed its funds had been illegitimately used. He further alleged that he had demanded and had been denied an accounting by the president, and had been refused an examination of the books and papers of the company. He prayed that the president might be ordered forthwith

to produce, at a convenient place within this state, for examination by the petitioner, all the books, accounts and memoranda that would show the financial condition of the company.

Unless support can be found for such a proceeding in section 44 of the revised General Corporation act (*P. L. of 1896 p. 292*), it can be found nowhere. The inherent jurisdiction of the court of chancery to compel the production, for inspection, of books and papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court (*Lawless* v. *Fleming, 11 Dick. Ch. Rep. 815*), and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only, in aid of a prosecution or defence in litigation, pending or contemplated. *Pom. Eq. Jur.* §§ *190, 209; Dan. Ch. Pl. & Pr. ch. 42.* We have found no judicial opinion declaring any ampler power, except *In re Steinway, 159 N. Y. 250, 258,* which was on *mandamus,* but in which it was said, by Mr. Justice Vann, that, from an early day in England, the court of chancery had enforced by motion and the king's bench by *mandamus* the right of a corporator to inspect, for a proper purpose, the books and papers of the corporation. The chancery cases cited are instances of incidental orders, in pending proceedings, authorized by recent acts of parliament, and do not bear out the *dictum* of the learned judge.

The sole remedy of a stockholder wrongfully refused inspection of the books or papers of a corporation is by *mandamus.* In the earlier English cases the judges of the king's bench generally refused that prerogative writ where the defendant was a private corporation, but its jurisdiction to grant it is indisputable, and in this country, where the corporate rights rest on statute, the exercise of such jurisdiction is universal. *Rosenfeld* v. *Einstein, 17 Vr. 479; Commonwealth* v. *Phœnix Iron Co., 105 Pa. St. 111,* where the authorities are cited.

It will be found that the cases in this country where production, for inspection, has been ordered in an independent proceeding, not strictly *mandamus,* have been in states where the jurisdiction of the courts of law and equity has been blended,

and the line of demarcation between remedies has become indistinct. *Thomp. Corp.* § *4432.*

Our court of chancery claims no inherent jurisdiction in this regard. In *Stettauer* v. *New York and Scranton Construction Co., 15 Stew. Eq. 46, 53,* Chancellor Runyon held that the mere refusal of permission to a stockholder to examine the books of a corporation was not a ground for equitable interference, the law furnishing an adequate remedy in the writ of *mandamus,* and he sustained a demurrer to a bill filed to compel such permission. The same learned chancellor, however, was of opinion that a provision of the General Corporation act, substantially the same. as that above cited, authorized the compulsory production in this state, and, impliedly, inspection, of the books (but not other papers and memoranda) of a corporation that, by the grace of the legislature, were customarily kept without the state, and this on the mere petition of a stockholder that he was denied such inspection; and he made order accordingly. *Huylar* v. *Cragin Cattle Co., 13 Stew. Eq. 392; S. C., 15 Stew. Eq. 139.* Vice-Chancellor Bird ordered production for inspection under like circumstances. *Mitchell* v. *Rubber Co., 24 Atl. Rep. 407.* There are probably other unreported cases of the assumption of such a power, but we think it unauthorized. It is, at least, doubtful whether, since the adoption of the constitution of 1844, this branch of the jurisdiction of our supreme court can be conferred on another tribunal. *Flanigan* v. *Guggenheim Smelting Co., 34 Vr. 647; Green* v. *Heritage, 35 Vr. 567.* As we construe the statute involved, the legislature has not attempted to do so.

As now subsisting, section 44 of the General Corporation act, after declaring that the directors of any corporation may, if the by-laws or certificate of incorporation so provide, keep the books of the corporation, except the stock and transfer-books, outside of the state, provides as follows:

"The court of chancery or the supreme court, or any justice thereof, may, upon proper cause shown, summarily order any or all of the books of said corporation to be forthwith brought within this state, and kept therein at such place and for such time as may be designated in such order, and the charter of any corporation failing to comply with such order may be declared forfeited by the court making such order, and it shall

Fuller *v.* Hollander & Co.

thereupon cease to be a corporation, and all its directors and officers shall be liable to be punished for contempt of court for disobedience of such order."

We discern in this statute no legislative purpose to enlarge jurisdiction for the compulsory production of books for inspection. The true construction of the section quoted, so far as it confers power upon a justice of the supreme court or upon the court of chancery, is that whenever proper cause is shown to the judicial authority whose action is invoked, the books of a corporation that are by law permitted to be kept outside the state may be summarily ordered brought within the territorial control of such judicial authority. Proper cause would be shown by presenting a situation within the range of such authority, in which the production of the books would subserve some lawful or useful end within the judicial control. No other jurisdiction is conferred.

The statute is useful, if not necessary, because of the summary character of the proceeding it authorizes, because of its drastic penalty for disobedience, and because cases may, and frequently do, arise where the corporation itself is not a party to litigation in which, nevertheless, its books may be legal evidence, but it cannot be construed so as to support the order appealed from, which must, therefore, be reversed.

*For reversal*—The Chancellor, Chief-Justice, Van Syckel, Dixon, Garrison, Collins, Fort, Hendrickson, Bogert, Adams, Vredenburgh, Voorhees—12.

*For affirmance*—None.