ALBERT GOLDSTEIN

*v.*

BERNARD M. EWING et al.

[Submitted June 28th, 1901. Decided June 28th, 1901.
Filed September 3d, 1901.]

The power to inquire into and adjudicate upon the validity of an election of officers by both municipal and private corporations is, by the constitution, vested solely in the supreme court of this state, and the legislature has no power to vest any part of that judicial jurisdiction in any other tribunal.

On petition to set aside election of directors. Final hearing on pleadings and proofs.

*Mr. John B. Vreeland, Mr. C. Franklin Wilson* and *Mr. Leo N. Levi* (of the New York bar), for the petitioner.

*Mr. Richard V. Lindabury* and *Mr. Robert S. Green,* for the defendants.

PITNEY, V. C. (orally).

This is a petition by Albert Goldstein, as a stockholder of the United Pneumatic Fire Alarm and Telegraph Company, to set aside an election of directors held on January 23d, 1901, pursuant to a notice of a meeting signed by three stockholders. The petition is based upon the act of March 24th, 1899. *P. L. of 1899 p. 568.*

The validity of the election sought to be adjudged to be invalid is attacked on two grounds; one is of fact, and the other is of law.

The one of fact is that the notice which was given under the forty-sixth section of the Corporation act was not signed by three stockholders.

One of the stockholders signing the notice was a Mr. Collerd, and it was alleged that he had no stock standing in his name, or, if he had any, that it was not properly and legally issued to him, and that such issue was a fraud or misconduct on the part of the officers issuing it. The stock was issued to Mr. Collerd at the request and by the direction and on account of Mr. Bernard M. Ewing, the president and the largest stockholder of the company. Mr. Ewing was called as a witness and swore that on October 20th, 1900, he paid $10,000 for the benefit of the company to an unknown individual at the request of the petitioner. Evidence was gone into on this subject, with the result—without going into detail—that I am entirely satisfied that Mr. Ewing paid that money in good faith for the benefit, as he supposed, of the company and at the request of the petitioner himself. The payment created a debt due from the company to Mr. Ewing and was recognized and acknowl-

edged as such by the other stockholders, unless the petitioner be excepted; and, as I find it was done at the petitioner's special request, I must hold that the petitioner is estopped from denying that it was paid for the benefit of the company. It further appeared that the price of the shares issued to Collerd was charged to Ewing as against this $10,000 debt. Further, there was in fact no necessity for Mr. Ewing to resort to this indebtedness in order to procure the stock necessary to qualify Mr. Collerd, since he had a large number of shares already standing in his name. In fact, it was a mere matter of convenience.

It is urged that the stock was issued to Mr. Collerd for a very small, if any, consideration paid by him to Ewing. But I am of the opinion that it was issued to him in good faith, and that if it had been issued to him without any consideration moving between Mr. Collerd and Mr. Ewing, still it constituted Mr. Collerd a stockholder in such a manner that he was competent to sign the call for a meeting.

The meeting was called in good faith for the purpose of electing directors, and was held, and it was in my judgment a lawful meeting of the stockholders. The necessity for the call arose out of the failure of the secretary to advertise in the newspapers the regular annual meeting of stockholders for the election of directors in accordance with the by-laws of the company. It was alleged by the defendants that that failure was due to the petitioner's neglect, as he was the general manager of the company and expected to look after all those details. I think the contention of the defendants in that regard is well founded. It was a mere matter of detail under the by-laws, and as the petitioner was general manager and the *factotum,* you may say, of the company, he ought to have attended to it. I do not mean to intimate that he intentionally omitted to advertise, but if it was the fault of anybody it was his fault quite as much as it was that of the secretary. Therefore the meeting was, in my judgment, properly called, and the petitioner has no right to find fault that it was called; and the defendants, by their sworn answer, set up that he acquiesced in it and said he would attend it.

Goldstein *v.* Ewing.

The second ground is that such a meeting, called under the forty-sixth section of the act, was not competent to elect directors, and that the only proceeding efficient for that purpose was one to be taken under the forty-first section of the act, which provides for the application to a justice of the supreme court.

This raises a nice question of law which I have not time to look into, and which, in my judgment, is not within the province of this court to determine.

The defendants, by their answer, set up want of jurisdiction of this court, because the act in question authorizing this court to proceed as it has done is unconstitutional. The point was taken at the very outset of the proceedings and argued to a greater or less extent and overruled for the time being, and the merits gone into with the understanding that the question should be reserved until final hearing. Upon further consideration and hearing argument and citation of authority, I am entirely satisfied that the act is unconstitutional and that I ought not to have proceeded to hear the cause at all. But I did proceed at the instance and upon the pressure of the petitioner. His counsel insisted that the act was constitutional, and the hearing was had, and a large number of witnesses examined and evidence produced. The effect of that evidence upon my mind I have already stated, but I am now clearly of the opinion that the court had no jurisdiction to entertain the proceeding, and that the petition must be dismissed, with costs.

The principle established by the authorities is this: that the power to inquire into and adjudicate upon the validity of an election of officers by both municipal and private corporations is, by the constitution, vested solely in the supreme court of this state, and the legislature has no power to vest any part of that judicial jurisdiction in any other tribunal. The authorities are collected in the two recent cases, just cited by counsel, of *Flanigan* v. *Guggenheim Smelting Co., 34 Vr. 647,* and *Green* v. *Heritage, 35 Vr. 567.* And see *In the matter of Cleveland, 22 Vr. 311.*