THE SINGER MANUFACTURING COMPANY et al.

*v.*

ROLAND C. BOWNE, SR., ROLAND C. BOWNE, JR., and SINGER SEWING MACHINE COMPANY.

[Decided December 17th, 1912.]

Wherever letters or papers are evidential in a cause, and are in the possession of either party, and are clearly relevant, the court of equity has the inherent power to order the production of such papers for inspection by the other party.

---

*Messrs. Lindabury, Depue & Faulks,* for the complainants.

*Mr. Frederick A. Rex,* for the defendants.

LEWIS, V. C.

The application in the above cause is for an order requiring the defendants to produce for the inspection of the complainants certain letters and papers. The claim of the complainants is that the letters and papers sought to be inspected are evidential in

this cause. There is no dispute raised upon argument by the defendants as to the control of the letters and papers. It is admitted that they are in the custody and under the control of the defendants. They resist the application, however, of the complainants on the ground that it is not a request for evidence, but is made for the purpose of ascertaining the names of the defendants' witnesses and embarrassing the defendants in the preparation of their defence. At the hearing, and upon their brief, the defendants urge that the rulings laid down in the case of *Dodd* v. *Public Service Corporation, 29 N. J. L. J. 22*, support their position. As contended by the complainants, the case in question does not seem relevant to our investigation. It is to be observed that the court in the *Dodd Case* does not attempt to deal with equitable jurisdiction in the matter of inspection of letters and papers. It disposes of an application questioning the propriety of the interrogatories in cases at law. While the general proposition as laid down by Mr. Justice Fort in the case is that: "It is not the proper provision of an interrogatory to seek information as to the name or names of persons from whom evidence may be obtained, but interrogatories may only be asked when the answers thereto will make evidence for the party who asks them," yet the interrogatory sought to be stricken out under the application was held to be a proper one and the defendant was required to answer it.

The question asked at the trial was the number of the car and the names, respectively, of the conductor and motorman in charge thereof at the time of the collision, and the court held in its decision that the admission of the company that the motorman and conductor were its employes and that the car in collision was its car is an acknowledgment of its ability to secure an answer to the question by one who has the requisite knowledge.

The case is important and suggestive in the present inquiry in showing the length to which a court of law will go under an application of this character, although the statutory authority is not very broad. Upon the argument in the matter in hand the question as to the extent of the power of this court to direct inspection was raised. This question is well settled. There is an inherent power in the court of equity wherever letters or papers

are evidential in a cause and are in the possession of either party to the proceedings to order an inspection. "The power to direct either party to give to the other an inspection and permission to take copies of any books or papers in his possession, is inherent in a court of equity, and can be exercised in the absence of any statute conferring such right." *Lawless* v. *Fleming, 56 N. J. Eq. (11 Dick.) 815.* By further decisions of our courts it has been firmly established that where letters or papers in the possession of either party are relevant to the matters in question in a suit in the court of equity, their inspection can be obtained upon petition of the opposing party. *Fuller* v. *Hollander & Co., 61 N. J. Eq. (16 Dick.) 651; Copper King* v. *Robert, 76 N. J. Eq. (6 Buch.) 251, 253.*

It was evident on this application that the letters and papers sought to be inspected were relevant to the matter in litigation. The argument at the hearing clearly disclosed this fact. Their production at this time it seemed manifest would tend toward a clarification of the matters in controversy, and were not demanded in the opinion of this court for the purpose of ascertaining the names of witnesses for the defence. That the case was ready for trial was indicated by argument upon both sides, and the preparation of the defence could not be hindered by the inspection sought. The application for inspection should be granted and an order is accordingly directed for the same.