THE EATON AXLE AND SPRING COMPANY, A CORPORATION OF THE STATE OF OHIO, PLAINTIFF-RESPONDENT, v. BREEZE CORPORATIONS, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued May 3, 1932—Decided October 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the defendant-appellant, *Lionel P. Kristeller* (*George H. Rosenstein* and *Saul J. Zucker,* of counsel).

For the plaintiff-respondent, *Andrew J. Whinery* (*Joseph G. Lyons,* of counsel).

PER CURIAM.

An action was pending in the Essex County Circuit Court to recover upon a promissory note made by the Cox Corpora-

tion. The complaint alleged an assumption by the defendant of the liabilities of the Cox Corporation and a partial performance thereof.

Judge Dungan made an order for an inspection of certain of the pertinent books, papers and documents of the defendant and the Cox Corporation, pursuant to *Pamph. L.* 1903, *p.* 576. This order was disobeyed and the defendant was found in contempt by appropriate proceeding and now appeals from that adjudication.

"The propriety of granting an order for the production and inspection of books and papers rests largely in the sound legal discretion of the trial court, and its discretion in granting or refusing the order will not be disturbed unless abused." 18 *Corp. Jur.* 1127.

The plaintiff filed a verified petition for inspection of the books of the Cox Corporation and the Breeze Corporations which might show facts material to the cause of action. It was admitted in the pleadings filed that the Breeze Corporations, Incorporated, had purchased the assets of the Cox Corporation. The petition was brought on for hearing on notice. After due deliberation of matters suggested upon the record by the petition, the affidavit in support thereof and the affidavit in opposition thereto, the order for inspection was properly made. The disobedience of the order upon which the contempt was predicated was established before the court in the usual manner.

"In most jurisdictions the statutes provide for the obtaining and inspection of books and papers of the adverse party. These statutes were enacted with the view of providing a more speedy and less expensive remedy than by proceedings in Chancery, and are constitutional. They are remedial in their nature and should be liberally construed." 18 *Corp. Jur.* 1116.

"The power to direct either party to give to the other an inspection and permission to take copies of any books or papers in his possession, is inherent in a court of equity, and can be exercised in the absence of any statute conferring such

right. *Lawless* v. *Fleming,* 56 *N. J. Eq.* 815. By further decisions of our courts it has been firmly established that where letters or papers in the possession of either party are relevant to the matters in question in a suit in a court of equity, their inspection can be obtained upon petition of the opposing party. *Fuller* v. *Alexander Hollander & Co.,* 61 *Id.* 648; 47 *Atl. Rep.* 646; *Copper King* v. *Robert,* 76 *N. J. Eq.* 251, 253; 74 *Atl. Rep.* 292." *Singer Manufacturing Co.* v. *Bowne,* 81 *N. J. Eq.* 157, 159; 85 *Atl. Rep.* 449.

The legislature, by *Pamph. L.* 1903, *p.* 576, has merely provided that an old right may be asserted in another tribunal.

The judgment is affirmed, with costs.