Issue having been joined between complainants and the only answering defendants Interstate Hosiery Mills, Incorporated, and Lawrence H. Greenwald, complainants now seek an order directing these defendants to give them an inspection and copy, or permission to take a copy, of the numerous books, appraisals, audits, reports, documents and other papers referred to in the petition whereon the present application is predicated. This application is, however, met with vigorous resistance on the part of the said defendants who, at the same time, move to strike out the interrogatories propounded and addressed to each of them respectively.
Complainants' application appears to be based upon rules 86 and 87 (edition of 1930) of this court. But, a court of equity, quite independent of any statutory authority, possesses inherent power to require either of the parties to a cause therein pending to give to the other an inspection and copy, or permission to take a copy, of such books and papers as the adverse party may have in his custody, control or possession, when such are relevant to and evidential of the merits of the suit or the defense thereto. The citation of authority, an abundance of which exists, in support of this wholesome and *Page 434 
well-settled principle, the existence of which is of almost equal antiquity with that of the very court itself, can here serve no useful purpose.
While the right to inspect private books and papers is often an important one in the due and orderly administration of justice; nevertheless, its exercise may, in some instances, be of such portentous character, that it should always be circumscribed with all expedient safeguards, so as to secure, as far as possible, against its abuse, and against its being converted into an instrumentality subversive of, rather than subservient to, the ends of justice, the furtherance and accomplishment of which it was designed and intended for. A consideration of the irreparable and immeasurable harm that can, and often does, result from its perverted use, rightly enjoins the court to be circumspect and to proceed cautiously, to the end that there may be no undue interference or unjustifiable violation of one's private rights with respect to his personal property or affairs. The right of inspection was neither designed nor intended, and, therefore, should not be permitted to be exercised, except in a proper case, upon a proper showing and then only with due regard for and rigid observance of the constitutional rights of persons to be secure from unreasonable search and seizure.
Guided and governed by these fundamentally sound and salutary principles, a court of equity should decline to grant or countenance the issuance of a roving commission for the production or inspection of books and records, under the sanction of which its recipient may, with impunity, transact them and thus delve into the most intimate affairs and private business of his opponent, in the hope that he perchance may find therein or glean therefrom some evidence or information upon which he ultimately hopes to be able to substantiate his action or his defense thereto, as the case may be.
No valid order for inspection of books and records can or should be made unless a duly verified petition, stating the grounds thereof, has first been filed, followed by due opportunity to the adverse party to be heard thereon, and then only upon the applicant's demonstration of good and sufficient *Page 435 
cause therefor. The petition should, with certainty, state the existence of the documents therein specified; the possession or control of them by the adverse party, his agent or servant; generally the kind or character of the evidence sought to be gathered therefrom and stated to be contained therein and that said evidence is both relevant and material to the establishment of the petitioner's action or his defense thereto.
It is also incumbent upon the petitioner to show, primafacie, at least, such facts as will enable the court to properly exercise its sound discretion as to whether the order applied for should be granted or denied. A mere statement that the books or records, the inspection of which is sought, contain evidence relating to the merits of the action, can be regarded merely as a conclusion and not as a sufficient statement of fact. Lest the right of inspection be illy or injudiciously afforded, it is essential that the petition also state such facts and circumstances from which the court can, quite independent of and aside from the petitioner's conclusions and oath with respect thereto, judge for itself of the materiality of the evidence sought and the propriety of granting or denying the application therefor made. Condict v. Wood, 25 N.J. Law 319.
Tested by the requirements of the foregoing basic rules of justice, the present petition, upon which complainants crave an inspection of books, papers, documents, audits, reports, appraisals, financial statements, proposals, agreements, assignments and other records — many in number, voluminous and complex in character, and housing almost the minutest and most intimate details and phases of defendant's personal affairs and private business — must be held to be legally deficient.
Summarized, it merely states that the pending cause is in the nature of a stockholders' suit for an accounting from and compelling restitution by officers and directors of, and other persons associated with, the defendant corporation, with respect to certain of its stock and property, which they are charged with having improperly acquired; that certain contracts, documents and other papers, therein referred to, are *Page 436 
in the posesssion or under the control of said defendants, and, in the language of the petition, "that the information as to the matters in issue in this cause is practically entirely under the control of the defendants and an examination of the same is necessary to the complainants in the preparation and presentation of their case." Annexed to this petition is the solicitor's affidavit, wherein he avers that he is in charge of and familiar with the details and preparation of the case, that he has read the petition, and that the contents thereof are true to the best of his knowledge, information and belief.
Sight must not be lost of the fact that the petition, as verified, contains neither an allegation nor a denial of the existence or non-existence of other sources of information equally available to complainants, nor does it contain any averment that complainants have made an effort to ascertain if other sources of information are open to them. The omission of these allegations, while not wholly insurmountable or fatal, nevertheless, is highly indicative, if not persuasive, of the fact that complainants preferred to relieve themselves of reasonable research and expense in acquiring the information desired, by placing that burden upon the defendants.
Furthermore, the petition is devoid of a single allegation that the books, records and documents therein referred to contain any evidence which is material or relevant to the merits of their suit, or even that the information which defendants are charged with having "practically entirely under their control," is contained or may be found in any of the books, records or documents sought to be inspected. It fails to state the nature or character of the information desired, or that the books and records in question contain entries with respect thereto, or that such data or information, even if therein found, is material or relevant to the merits of their case.
In addition to all of the foregoing, not only are all of the allegations of the petition made on information and belief, but the facts or circumstances upon which that belief is based or entertained are not even stated. The conclusions of the affiant and not the facts are all that it sets forth. It fails *Page 437 
to indicate how or in what manner any of the data or information contained in the books and documents referred to is pertinent or material to complainants' case; or to state any other facts from which the court can judge for itself of the relevancy and materiality of such data or information and the propriety of granting or denying the application.
To grant complainants' application under the facts and circumstances here existing, would, in my opinion, be to subject almost every conceivable book, paper and record in anywise appertaining to defendants' business and affairs to a roaming inquisition at the hands of complainants, which, while it may or may not reveal the desired information, must, of necessity, lay bare and expose the most intimate details and secrets of defendants' private business and affairs to the ruthless and unbridled curiosity and pillaging of complainants, if they be so disposed or inclined. Such action would, in my judgment, constitute an abuse rather than a use of sound discretion. Therefore, complainants' application must be denied.
Passing now to a consideration of complainants' interrogatories. The rules governing the serving of interrogatories, after issue joined, may be generally stated as follows: they can only be propounded upon matters material to the issue, should not call for or seek the names of witnesses, should not be vexatious or impertinent in character, and they should relate to the case of the party propounding them and not be purposed to pry into that of his adversary. Moreover, they should be of such a character that, with a responsive answer, they would constitute relevant material and competent evidence on behalf of the party propounding them; for such is the manifest purpose and design of our statute. P.L. 1915 p. 187.
A reading and consideration of these interrogatories discloses that, with the exception of numbers 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 17, 18 and 19 of those addressed to defendant Lawrence H. Greenwald, and numbers 1, 2, 18, 20, 22, 28 and 31 of those addressed to defendant Interstate Hosiery Mills, Incorporated, the names of witnesses are sought by *Page 438 
some; data and information, equally available to or within the knowledge of complainants, is called for by others; matters which are irrelevant and immaterial to the issue is demanded by still others; while those remaining are vexatious or designed for the purpose of prying into the defendants' case. As thus framed, complainants' interrogatories, saving those excepted, are objectionable, and, therefore, defendants' motion to strike them out must prevail, excepting, however, as to those hereinbefore specifically enumerated.
An order may be entered in conformity with the foregoing determinations. *Page 439