Complainants are regularly before the court on petition for an order for inspection and copy, or permission to take a *Page 496 
copy, of: "minutes of the senior meetings of said local; financial books, check books; auditor's reports; amendment book, correspondence, minutes of the executive board meetings, minutes of the junior membership meetings; applications to become members by complainants; contracts signed by the complainants; expense accounts of the local and its officers and members and any and all books, papers and documents pertaining to the merits of this suit."
Complainants' petition is based primarily on rule 86 of this court, which reads: "An order may be made on such terms as may be imposed by the chancellor, on the application of either party to a suit in this court, for an inspection and copy, or permission to take a copy, of any books, papers, or documents relating to the merits of such suit or of the defense thereto; such application, of which five days' notice shall be given, shall be by petition stating the grounds thereof, and verified by the oath of the party, or his or her solicitor." The solicitor of complainants very properly urged, in argument, that irrespective of said rule this court may grant such order under its inherent equity power. Lawless v. Fleming, 56 N.J. Eq. 815; Fuller v.Hollander Co., 61 N.J. Eq. 648, 651; Copper King v. Robert,76 N.J. Eq. 251; 1 Dan. Ch. Pl. Pr. (6th Am. ed.) [*]1817.
But such an order can be granted only upon a duly verified petition setting forth sufficient grounds therefor. Complainants' petition herein does not set forth any grounds whatever why such order should be granted, nor does it aver that the above mentioned minutes, books, papers, c., are material or relevant to the averments of the bill of complaint or of any significance to the merits of the suit. The prayer of the bill of complaint, and affidavits filed in support of the aforesaid petition, manifest complainants' purpose to be to obtain an order which may serve as a means of enabling them to scrutinize ad libitum
practically all of the business transactions of the defendants for an unlimited period of time, whether or not they are germane to the subject-matter of complainants' suit. Such a roving commission should not be countenanced. Phillips v. InterstateHosiery Mills, Inc., 111 N.J. Eq. 432. In Condict v. *Page 497 Wood, 25 N.J. Law 319 (at p. 322), it was held that the petition for inspection and copy, or permission to take a copy, of books, papers and documents purporting to contain evidence relating to the merits of the suit, or of the defense, should not only state the fact that such books, papers and documents contain such evidence, but should also state some facts or circumstances from which the court may, independent of the party's verification of the petition, judge of the materiality of the evidence and the propriety of granting such order.
The petition herein is clearly insufficient to warrant the granting of the order prayed. I will advise an order denying the prayer of complainants' petition.