JOEL AND MILTON ZARITZKY, BY THEIR GUARDIAN, ANNA ZARITZKY, AND LEO ZARITZKY, PLAINTIFFS, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, A NEW JERSEY CORPORATION, DEFENDANT.

Decided March 5, 1936.

For the plaintiffs, *Cole & Morrill.*

For the defendant, *Evans, Smith & Evans.*

WOLBER, C. C. J.    The defendant has applied for an examination of the plaintiffs before trial.  It seeks to examine the guardian of the property of two infants in whom the cause of action is alleged to be vested, appointed by the surrogate of Passaic county.  The other plaintiff appears in his proper person.

The petition alleges:

"That it desires to examine the said plaintiffs, Joel and Milton Zaritzky, by their guardian, Anna Zaritzky, and Leo Zaritzky, as witnesses in the said cause, before the trial of the same, according to the provisions of the statute."

The statute provides:  ·

"Any party to an action    *    *    *    may be examined as a witness    *    *    *    before trial    *    *    *."

Resistance to the application is made because the guardian is not a "party;" and in the absence of a proper showing, the discretion vested in such matters should be withheld.

The cause of action is that of the infants.  14 *R. C. L.* 281, § 51.  The guardian is asserting it for the purpose of collect-

ing the yield to augment the estate. The real parties are the infants. The guardian is not regarded as a party, but as the manager or conductor of the infants' cause of action. This is the rule where the relationship on the record is that of *"prochein ami."* *Demarest* v. *Vandenberg,* 39 *N. J. Eq.* 130; *Lang* v. *Belloff,* 53 *Id.* 298; 31 *Atl. Rep.* 604. The fact that the guardian is one of the property appointed by the surrogate falls within the reasoning of *Griffin* v. *Londrigan,* 107 *N. J. Eq.* 76, where it was held that a guardian of the person and property of a lunatic who was party complainant was not the real party against whom interrogatories could be exhibited under the Chancery act and the rules of the court. *Pamph. L.* 1915, *p.* 197, *ch.* 62; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 695, § 47-174; rule 84. It is said that in *Deak* v. *Perth Amboy Gas Light Co.,* 1 *N. J. Mis. R.* 457, an examination before trial was ordered against an administrator *ad prosequendum* of a cause of action under the "Death act." That case is to be distinguished. In such instance, the action is vested in such person by the very terms of the statute. He is not only the manager, but the one who is the real party in interest. His representative capacity first arises upon the recovery of a fund to be turned over to the general administrator. I believe the guardian of the property of the infants, as in this case, is not a "party" within the terms of the statute.

The petition does not set forth facts evidencing reasons why such order should be made against the other defendant. It does not aver that the examination will relate to any definite issue or fact. It omits to state the relevancy or materiality of such desired facts to the defendant's defense.

An examination before trial is a remedy provided by the legislature as an effective means of assisting litigants in preparing for trial. It is analogous to inspection of books, interrogatories, &c. Since the statute provides for it, in a proper case and within reasonable limits, it is desirable and expedient. Its importance cannot be over-estimated. It is designed to shorten trials, clarify issues, eliminate non-controversial matters, and in many instances dispense with

long and expensive proof. It promotes thoroughness that commends itself to the ideal of a speedy administration of the essential rights of litigants at the trial. Its denial in many cases is due to a lack of a proper showing and the possible abuse, rather than to the propriety of the application therefor. No distinction appears between such relief and that seeking an inspection of the books, papers and records, as in *Phillips* v. *Interstate Hosiery Mills,* 111 *N. J. Eq.* 432; 162 *Atl. Rep.* 886, and *Condict* v. *Wood,* 25 *N. J. L.* 319. Unless, therefore, the petition shows such facts as will enable the court to properly exercise its discretion, the mere statement of the necessity for the relief can only be regarded as a conclusion, and not as a showing of facts from which the court can, quite independently, judge for itself the materiality of the evidence sought, and the propriety of granting or denying the application. In the absence of facts showing the necessity, and of the definite issues or limits to which it will extend, an order for examination would but countenance a "roving commission."

The application is denied, without costs.