Based upon the affidavit of one of them, complainants, after issue joined and during the actual progress of the final hearing, applied for an order permitting them to inspect all of the books, papers, records, documents and correspondence belonging to or under the control of the defendants, in anywise or manner relating to the merits of the litigation pending between them.
Their application is, however, met with vigorous resistance on the part of the defendants, who deny the material averments set forth in complainant's supporting affidavit and *Page 458 
challenge the propriety of the procedure adopted as well as the sufficiency and merits of the application itself. Based as it is upon a mere affidavit instead of a verified petition, the application unquestionably is not in conformity with the requirements of rule 86 of this court. However, without according sanction or approval to that irregularity, it is preferable, in order to avoid further delay, to dispose of the application upon its merits.
The inspection here sought is most comprehensive in character, extending, as it would, to all of the numerous books, papers, records and documents in the possession or under the control of the defendants which might possibly contain any evidence relevant or material to complainant's case. A more unbridled attempt to draw the drag-net of inspection through one's private books, papers and records, under the ostensible motive of trying to catch something, which defendants' affidavit denies is there existent, is hardly imaginable.
While the invoking of the right of inspection often becomes an important and desirable step in the orderly administration of justice, nevertheless, the exercise of that right, because of the irremediable harm resulting from its improper use, must, even where properly invoked, be circumscribed with proper safeguards so that there may not be any undue interference with or any unjustifiable violation of one's constitutional right to be secure from unreasonable search or seizure. As Mr. Justice Holmes aptly pointed out in Federal Trade Commission v. AmericanTobacco Co., 264 U.S. 298, "it is contrary to the first principles of justice to allow a search through one's books and records in the hope that something material or relevant will turn up."
An examination of complainants' supporting affidavit discloses that it fails to set forth any reasonable grounds upon which they can rightfully claim and obtain the inspection which they here seek. Summarized, the purport or effect of that affidavit is that complainants claim certain things, believe certain things, and suspect that the books and records, none of which is specified, might contain evidence material to their case. But, nowhere is there to be found in that affidavit any *Page 459 
facts from which this court can possibly determine, aside from and independent of the affiant's beliefs and conclusions, whether any such evidence is contained in those books and records. On the other hand, the affidavit submitted on behalf of the defendants, after setting forth that the books, papers, records, documents and correspondence are voluminous and reflect the intimate details of their extensive and varied business transactions ranging over a number of years, unequivocally and categorically denies that they contain any such evidence as complainants believe or suspect.
As thus viewed, the application can at most be said to be based upon a mere statement of hope or belief — and this without a showing of any facts in support thereof — that the books, papers, records, documents and correspondence may reveal some evidence that is material to complainants case. As such it is clearly insufficient and must be denied. Phillips v. InterstateHosiery Mills, Inc., 111 N.J. Eq. 432; Cameron v.International, c., New Jersey, 114 N.J. Eq. 495; Morrison Agt.
v. Sturges (N.Y.), 26 How. Prac. Rep. 177.
To borrow the words of Lord Hatherby (7 Ch. App. 97 and notes), "this court is bound to protect the defendants against undue inquisition into their affairs." And to paraphrase the language of the supreme court of California in Ex parte Clarke,126 Cal. 235; 58 Pac. Rep. 546, it would indeed be difficult to imagine a more striking instance of such undue inquisition than an order compelling these defendants to produce for complainants' inspection all of their voluminous books, papers, records, documents and correspondence — thus permitting them to pry and delve into the intimate details of their very business life upon the mere belief or suspicion, as against the positive statements in defendants' affidavit to the contrary, that they might possibly contain some evidence favorable to the complainants, and this without pointing out any part or parts of the voluminous records over which this suspicion is supposed to hover.
The application will be denied. *Page 460