The complainant is the owner of 400 shares of the preferred stock of the defendant corporation and sues on behalf of himself and all other similar stockholders. The bill prays that the defendant corporation be restrained from changing its present classes of stock.
On or about January 11th, 1943, the board of directors notified the stockholders of a special meeting called on February 24th, 1943, to act upon certain proposed amendments to the certificate of incorporation. The notice stated that the adoption of the amendments would require the vote of at least two-thirds in interest of all classes of stockholders and requested the stockholders to forward their proxies, forms of which were inclosed with the notice.
The effect of the amendment, according to the notices, would be (1) to permit the payment of the cumulative dividend on the preferred stock; (2) reclassify all shares of stock so that certain restrictions based on the accumulation of net earnings from January 1st, 1937, in the amount of $2,500,000, *Page 221 
would be reduced to restrictions based upon an accumulation of net earnings in the amount of $1,500,000; (3) provide for the retirement of 50,000 shares of Class B stock now held as treasury stock.
The complainant alleges that the defendant Johnson, who is the president of the company, is the dominating officer and director, and, in substance, controls its policies and affairs, and that the defendant Kuhn, who is the treasurer and one of the directors, together with Johnson, hold proxies from a large number of stockholders.
The bill sets forth that the complainant "believes" that the stockholders have not been fully and completely informed as to the present financial situation of the complainant and that he also "believes" that the corporation has "accumulated earnings of fully $2,500,000, so that it is unnecessary to change the $2,500,000 figure in order to pay dividends."
The bill of complaint also alleges that in order to determine the need or desirability of the proposed amendments, the stockholders "need an impartial analysis of the accounting facts." It is also alleged that "The Board of Directors consists largely of officers and managers of the Corporation. Some or many of them may be holders of Class B stock," c.
The bill of complaint prays that the special meeting be adjourned from time to time until the complainant has an opportunity to examine the books and records of the company, and that the stockholders be notified of the results of such an examination, and that the individual defendants be enjoined from voting the proxies held by them, except on the question of adjournment. The bill of complaint also contains the usual prayer for general relief as well as for permission to "apply at the foot of the decree for other relief based upon the report" of complainant's auditors.
On the presentation of the bill of complaint, I advised an order to show cause which restrained only the putting into effect of the action voted upon at the meeting of the stockholders.
Defendant contends that the bill is bad for want of equity.
The bill does not charge fraud, misrepresentation or mismanagement, although it seeks to create an inference of *Page 222 
mismanagement on the part of the defendants. The allegations at best are mere unsupported statements of complainant's beliefs, fears and conclusions and, as such, are not admitted for the purpose of this motion. See Trimble v. American Sugar RefiningCo., 61 N.J. Eq. 340.
The bill of complaint, on its face, lacks equity. It discloses no cause of action cognizable in this court. It seeks no permanent relief except possibly in event an audit of the books and affairs of the company should disclose facts which might be the basis for some form of equitable relief. Such relief might come under the general prayers. The bill of complaint at best might be called a bill for discovery.
The jurisdiction of this court to compel discovery, however, is limited to cases where the information sought is evidential in a cause pending in this court, and to cases arising under a bill of complaint filed for relief as well as for discovery, or under a bill of complaint filed for discovery only, in aid of a prosecution or defense in litigation pending or contemplated.Fuller v. Hollander Co., 61 N.J. Eq. 648. The bill herein does not come within any of the above stated situations.
Complainant cites the cases of Archer v. American WaterWorks Co., 50 N.J. Eq. 33; Scott v. P. Lorillard Co., 108 N.J. Eq. 153,
and, Cintas v. American Car and Foundry Co.,131 N.J. Eq. 419; affirmed, 132 N.J. Eq. 460. An examination of these cases discloses that they are not applicable to the questions here involved.
The motion to strike out the bill of complaint will be granted and the ad interim restraint will fall therewith.
In view of the above findings, it is not necessary to consider the question of whether complainant has an adequate remedy at law. *Page 223