**UNITED STATES v. E. I. DU PONT DE NEMOURS & CO. et al**

**No. 49 C 1071.**

United States District Court
N. D. Illinois, E. D.
May 28, 1953.

E. Houston Harsha, Antitrust Division, Department of Justice, Chicago, Ill., for the Government.

Mark H. Clayton, Chicago, Ill., Alexander L. Nichols, Morris, Steele, Nichols & Arsht, Wilmington, Del., William S. Potter, Berl, Potter & Anderson, Wilmington, Del., for individual defendants.

Sidley, Austin, Burgess & Smith, Chicago, Ill., Richards, Layton & Finger, Wilminton, Del., Covington & Burling, Washington, D. C., Winston, Strawn, Black & Towner, Chicago, Ill., Root, Ballantine, Harlan, Bushby & Palmer, New York City, for Pierre du Pont, Irenee du Pont, Christiana Securities, Delaware Realty, E. I. du Pont de Nemours Co. and Wilmington Trust Co.

Pope & Ballard, Chicago, Ill., for General Motors Corp.

Snyder, Chadwell & Fagerburg, Chicago, Ill., Arthur, Dry & Dole, New York City, for United States Rubber Co.

LA BUY, District Judge.

The matter before the court is the government's motion for the issuance of a subpoena duces tecum directed to the du Pont Company for books, records and documents for the period from 1915 to 1937 and 1948 to 1950 relating to annual or periodical sales made to General Motors and each of its divisions of certain listed products and annual competitive reports, annual market surveys, master trade reports relating to sales by the du Pont Company and any of its competitors to General Motors of certain products for the periods from 1925 to 1941 and 1946 to 1950; for the issuance of 'a subpoena duces tecum directed to General Motors Corporation for records showing existing annual compilations of annual or periodical purchases of certain products for the years 1925 to 1941 and 1946 to 1950; for issuance of a subpoena duces tecum to six competitors of the du Pont Company in the field of fabrics for books, ledgers, records and other documents, showing sales of certain products, annual or periodical, from 1915 to 1941 and 1946 to 1950; for issuance of a subpoena duces tecum to fifteen competitors of the du Pont Company for books, records, ledgers and other documents for the period 1925 to 1941 and 1946 to 1950 showing sales of certain paint and finish products to General Motors; and for issuance of a subpoena duces tecum directed to United States Rubber Company, which motion has been withdrawn by the government at this time.

The government asserts this request is necessary for the purpose of rebutting evidence elicited from defense witnesses and certain tables regarding percentages and quantities of purchases by General Motors from others and from the du Pont Company; that said testimony reflects indefinite quantitative summaries and in fact certain

exhibits and testimony were allowed by the court with the right to the government to rebut the accuracy of said figures and statements; that the purpose of procuring the requested records is to present evidence showing this was an inaccurate portrayal of the amount of sales and purchases by General Motors and the du Pont Company and its competitors.

Objection is made by the du Pont Company and General Motors Corporation as to the propriety of this motion for the reason (1) that it is in the nature of an attempt at discovery and inappropriate at this stage of the trial, particularly when opportunity to procure the same existed from the inception of the government's investigation prior to the filing of the complaint and existed thereafter, (2) that the material sought bears upon the issues of the government's case in chief and is not for the purpose of presenting true rebuttal evidence, and (3) that the government already possesses material from which it may derive the information it seeks.

The pertinent rule to be applied is Rule 45(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides as follows:

"Rule 45. Subpoena * * *

"(b) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things."

In the instant case no subpoena has yet issued and the parties are before the court on a motion for issuance thereof. The considerations bearing upon its issuance, however, are the same considerations that would prevail when a subpoena has been issued and motion to quash it has been made.

Rule 45(b) affords to the parties the right to demand material for use at the trial, thus differing from Rule 34 which the courts have interpreted to be limited generally to discovery before trial. In Moore's Federal Practice, Second Edition, Volume 4, page 2424, the author states as follows:

"Rule 34 has to do with production of documents and things in the possession, custody or control of a party, while Rule 45 (Subpoena) deals with production of 'books, papers, documents, or tangible things' in the possession or under the control of a party or a third person. While the two rules are to be construed in pari materia as far as scope of examination is concerned, there are two principal points on which the rules vary in their application: (1) Rule 34 is primarily intended to govern production and inspection of documents and things *before the trial*, whereas Rule 45 applies both to the taking of depositions and to testimony and production of documents and things at the trial."

In addition, as under Rule 34, it is not necessary under Rule 45 to establish the admissibility in evidence of the documents sought. Relevancy rather than admissibility is the test in determining whether a subpoena duces tecum should be allowed. Thus, a subpoena is a part of the discovery procedure provided for under the Federal Rules of Civil Procedure.

The test which is set forth in the rule itself is whether such a request is unreasonable and oppressive. This, of course, can only be determined by reference to the particular circumstances present in each case wherein such a motion is made.

Two considerations are here involved (1) whether the request is directed to true rebuttal evidence, and (2) whether this type of material was available to the government previous to this date and whether

comparable material is not already available to the government.

■ On the matter of presentation of evidence, the guiding principle was succinctly stated in Hathaway v. Hemingway, 1850, 20 Conn. 191, as follows:

"The rule upon this subject is a familiar one. When, by the pleadings, the burden of proof of any matter in issue is thrown upon the plaintiff, he must in the first instance introduce all the evidence upon which he relies to establish his case. He cannot, as said by Lord Ellenborough, go into half his case and reserve the remainder. The same rule applies to the defence. After the plaintiff has closed his testimony, the defendant must then bring forward all the evidence upon which he relies to meet the claim on the part of the plaintiff. He cannot introduce a part and reserve the residue for some future occasion. After he has rested, neither party can as a matter of right introduce any further testimony which may properly be considered testimony in chief. * * * But this rule is not in all cases an inflexible one. There is and of necessity must be a discretionary power, vested in the Court before which a trial is had, to relax the operation of the rule, when great injustice will be done by a strict adherence to it. If a party, by a mere mistake or inadvertence, omit to introduce a piece of testimony constituting an essential link in his chain of evidence, and does not discover the mistake until he has closed his testimony, the Court in its discretion will, rather than that his cause should be sacrificed, permit him to supply the omission; taking care, however, to see that the adverse party is not prejudiced by the relaxation of the rule. This discretionary power, however, is to be exercised with great caution. While the rule may be departed from for the sake of preventing great and manifest injustice, it ought not to be so frequently disregarded as to render it a rule in name and not in reality."

However, for matters properly not evidential until the rebuttal, the proponent has a right to put them in at that time and they are not subject to the discretionary exclusion of the court. A rebuttal is necessary as a rule (1) on a plea of denial where new subordinate evidential facts are offered, (2) on an affirmative plea where its substantive facts have been put forward, and (3) because on any issues whatever facts discrediting the proponent's witnesses have been offered. Wigmore on Evidence, Third Edition, Volume VI, page 510.

Referring to the complaint in the instant case, certain paragraphs, particularly paragraphs 20, 22, 30(b), 56, 57, 58, 60, 62, 63 and others, relate to the charge of substantial purchases and sales between the defendants and the fact as alleged in paragraphs 24 and 134 that said activities impaired the competitive potentials of other enterprises. These paragraphs have been denied by the defendants. Thus, the issue of amounts and proportions of business done between the defendants is presented by the complaint and answers. In the presentation of its evidence, the government introduced Exhibit 504, being a compilation covering the period 1938 through 1948 of sales of designated products by the du Pont Company to General Motors, and testimony was given as to the substantial quantities purchased by General Motors from the du Pont Company. The defense presented testimony of witnesses and evidence relating to sales by the du Pont Company to General Motors for periods from 1919 to 1933 and 1944 to 1950, being in part du Pont Exhibits 259, 260, 263, 265, 307, 311 and others; and in addition some of the witnesses testified as to approximate figures on purchases and sales between the du Pont Company and General Motors at least from 1917.

The government has inspected a great volume of documents, records and papers of the defendants. The record shows that on August 20, 1948 during the Grand Jury investigation, a subpoena was served on the du Pont Company and General Motors Corporation which called for all tables, charts, graphs, tabulations, books, records,

reports and other documents showing dollar purchases and sales from the du Pont Company for the years 1915 to the date of the subpoena; that said material was made available to it; that thereafter the government, formed a compilation, being Exhibit 504, for the years 1937 to 1948 showing such dollar volume of purchases and sales by the du Pont Company and General Motors Corporation; that the material produced in response to that subpoena was then returned to the defendants. In addition, the General Motors Corporation compiled a table for the years 1946 to 1948 showing purchases of certain products from competitors of the du Pont Company; another table for the first six months of 1948 showing dollar amount of purchases from competitors of the du Pont Company; supplied the government with the names and addresses of some 1500 suppliers who were competitors of the du Pont Company from which it made purchases. The du Pont Company supplied information in response to the Grand Jury subpoena as to the four departments within it making the largest sales to General Motors Corporation, together with dollar volume of each product sold by them. Comprehensive, detailed statistical data is thus in the possession of the government with respect to the years 1938 to 1948. This evidence is available to the government at this time, though it is contended it would not cover the periods testified to by the defense and covered in the subpoenas. However, the du Pont Company has agreed to the government's request for its annual competitive reports, annual market surveys and master trade reports relating to sales it and any of its competitors have made to General Motors Corporation for the years 1925 to 1941 and 1946 to 1950.

▮ The data the government now seeks to compile relate to issues which were apparent from the time the complaint and answers in this case were filed. The government introduced evidence regarding sales and purchases between the defendants and evidence was and is now in its possession bearing upon purchases by General Motors from its competitors. In the presentation of the evidence by the defense, evidence was submitted for years other than those presented in the case in chief. The present motion coming at this stage of the trial must necessarily be limited to matters material on rebuttal. The right of the government to show inaccuracy or to verify the accuracy and to present definite statistics on alleged indefinite statements made in defense should not be construed to open to the government an entire field of exploration on issues which were present from the inception of this litigation; particularly is this true as regards the subpoenas directed to the twenty-one competitors.

It is also apparent from the mass of material listed in the subpoenas that labor of no small magnitude is involved. To gather and present the material requested from twenty-three companies within a short period of time would be ignoring the realities of the problem. The task of searching files and records and the time required to determine and select the information sought for periods going back to 1915 necessarily involves considerable time and labor. In addition, the court must consider that the defendants have the right to examine and be heard as to the materiality of the information submitted in response to said subpoenas. All of these facts bear upon the element of time and upon the delay in the termination of this trial. This effect is not a compelling consideration, of course, but one which should be weighed in view of all the circumstances of this protracted trial.

In view of the great mass of records which the government has received and reviewed during the past five years, and in view of the fact that the material sought was available to it, coupled with the fact that it possessed the means of acquiring any additional material pertinent to the issues long before and during the presentation of its case in chief, the court is of the opinion it would be unreasonable to permit the exhaustive search presently requested.

346

For the above and foregoing reasons, the court denies the request of the government for the issuance of these subpoenas, with the exception of paragraphs 5, 6, 7, and 8 of the subpoena directed to the du Pont Company, which portion of that subpoena is allowed.