STEAMSHIP CO. OF 1949, Inc.

v.

CHINA UNION LINES, HONG KONG, LIMITED.

THE SHANGHAI VICTORY.

United States District Court,
S. D. New York.

April 6, 1954.

Lord, Day & Lord, New York City (John W. Castles, 3rd, New York City, of counsel), for charterers.

Platow & Lyon, New York City (E. F. Platow, New York City, of counsel), for owner.

CONGER, District Judge.

Steamship Company of 1949, Incorporated (hereinafter designated as the "Charterers") has moved for an order adjudicating David Cohen and American Ship Brokerage Corporation (hereinafter designated as "Brokerage Corporation") to be in civil contempt for refusal to comply with the terms of two subpoenas duces tecum issued out of this Court under date of September 11, 1953 and for an order providing for the punishment of the said David Cohen and Brokerage Corporation for such contempt.

The China Union Lines, Hong Kong Ltd. (hereinafter designated as the "Owner") has moved to terminate the examination of David Cohen and the Brokerage Corporation (now pending and partially had) and for an order directing the person conducting said examination to cease said examination.

Both motions were argued together and both will be disposed of in one opinion.

The matter before the Court arose out of an action which was commenced in July, 1951 in the United States District Court for the Southern District of Texas.

On August 20, 1953 an order of that Court was entered directing the parties to proceed to arbitration in accord with clause 17 of the charter party and the provisions of the United States Arbitration Act, 9 U.S.C. § 1 et seq.

I understand that these arbitration proceedings are now pending and the arbitrators have been appointed but no testimony has been taken.

Subsequently, and on or about September 8, 1953 the attorneys for the Charterers herein caused to be served on the attorneys for the Owners herein a notice to take the testimony of David Cohen and the Brokerage Corporation at a designated time and place. The notice was given and the testimony to be taken pursuant to the Federal Rules of Civil Procedure. Neither David Cohen nor the Brokerage Corporation were parties to this action or proceeding but were to be examined as witnesses.

On September 10, 1953 there was issued by the Clerk of this Court two subpoenas duces tecum directed to David Cohen and the Brokerage Corporation. The subpoenas were served on them September 11, 1953.

No question is raised here as to the regularity and/or service of the notice to take testimony and the subpoenas.

The subpoenas directed David Cohen and the Brokerage Corporation to appear at the same time and place designated in

the notice to take testimony and to testify on behalf of the Charterers at the taking of a deposition in the action in the Texas Court and to bring with them certain designated documents.

On November 25, 1953 David Cohen appeared pursuant to said subpoenas and was sworn and the taking of his deposition commenced, both for himself and the Brokerage Corporation, of which he is president. In all, there were three hearings had. The last was adjourned "to a date to be agreed upon, upon the decision of the Court upon the motion to cite Mr. Cohen and American Ship Brokerage Corporation in contempt for failure to comply with subpoenas duces tecum."

At the hearings Mr. Cohen refused, on the advice of counsel, to produce certain documents called for in the subpoenas. One document was the contract of sale and the bill of sale of the SS HAFEZ (ex SHANGHAI VICTORY) to Argosy. (Paragraph 9 of subpoena)

Mr. Cohen did produce the bill of sale but it had stricken from it one of its provisions, to wit: the purchase price. I do not regard this as compliance with the subpoenas.

The Owner contends, first, that no contempt order can technically be entered according to law.

The contention is that Rule 37, F.R.C.P., 28 U.S.C., was not violated; that the witness at no time refused to answer a question. Rule 37 and the contempt provided for therein, 37 (b) is not in issue here.

The contempt sought is for failure of a witness to comply with a subpoena duces tecum. See Rule 45, F.R.C.P., and Rule 12 of the Civil Rules of this Court. Rule 12 does not cover only contempt contemplated by Rule 37 but all civil contempts including those provided for by Rule 37 (b) (2) (i–iv), F.R.C.P.

The next point is that the examination was conducted in this Court without an order issuing out of this District and upon a subpoena served and pre-dating the Texas order of November 9, 1953.

I know of no rule which provides that an order must be obtained before a deposition may be taken at this stage of the suit. No leave of the Court was necessary. See Rule 26, F.R.C.P. The subpoenas were properly issued. See Rule 45, F.R.C.P. Rule 30(b), F.R.C.P. is a protective provision for the benefit of a party or person to be examined. It is not a condition precedent before an examination takes place. The Owner took advantage of this provision in Texas and obtained an adverse ruling.

Lastly, the objection is made that the matter being now in arbitration, the Arbitration Board has jurisdiction over the procedure. See U.S.Code, Title 9, § 7 and Federal Rules of Civil Procedure, 81 (a) (3).

Unfortunately for the objectors here, all the matters except the first one have already been raised and passed and that is the law of the case as far as I am concerned.

On September 15, 1953 one of the attorneys for the Owner, in the Texas Federal Court, obtained a stay in the taking of the depositions. Subsequently, and within a few weeks thereafter a formal motion was made that the taking of the said depositions and the said subpoenas be suppressed on the ground that the matter was now in arbitration pursuant to the order of the Court; that arbitrators had been appointed and that they had sole jurisdiction to issue subpoenas and to request the issuance of subpoenas and that the libellant had no right to proceed except in accordance with the terms of the statute governing arbitration.

The matter was submitted to the Court and subsequently and on November 9, 1953 an order was entered as follows: "11–9–53. The respondents' motion to suppress subpoena to witness David Cohen and to suppress the taking of Cohen's deposition is denied."

The contention here is through a misunderstanding the Judge passed on the matter before an affidavit and brief of respondent had been submitted to the

Judge. This would seem to be so but the Judge in a letter to the attorney for the respondent under date of November 12, 1953 wrote, among other things: "By reason of this situation I have examined today the affidavit and brief which you submitted, but I continue to entertain the view that counsel for libellant should be permitted to go forward with the deposition."

It should be noticed also that the papers were to be submitted on November 9. The Judge wrote in his letter of November 12: "I instructed the clerk to calendar it for the last mentioned date, and without further word from counsel, assumed it was ready for submission."

Since the affidavits of the Charterers was drawn (January 12, 1954) another hearing in the course of the taking of the deposition of David Cohen was had. On that hearing Mr. Cohen refused to produce other documents called for by the subpoenas duces tecum.

It will not be necessary for me to enumerate the documents which have not been produced. I hold that in view of the order of the Texas Court of November 9, 1953 Mr. Cohen and the Brokerage Corporation were bound to obey the subpoenas to appear as requested by said subpoenas and to produce the documents enumerated in said subpoenas if they had them or if they were under their control.

I have only seen one or two of the documents asked for. I am, therefore, unable to state now that these documents are of such a nature that they may be used as evidence. However, that is not the test. It is not necessary to establish the admissibility in evidence of the documents sought. Relevancy, rather than admissibility, is the test in determining whether evidence sought by a subpoena duces tecum is proper and discovery should be allowed unless it is palpable that the evidence sought can have no possible bearing on the issues. See Moore's Federal Procedure, 2d Edition, Volume 5 at page 1720. The objection that an examination is a "fishing expedition" is no longer valid.

Since the rules on discovery and depositions relate to discovery as distinguished from proof or to provisional proof which must still pass the hurdle of a Court ruling as to admissibility before the deposition can be used at the trial relevancy alone would seem to be a sufficient test for the scope of the examination. In passing on discovery proceedings, the Court must of necessity follow a liberal standard as to relevancy. The scope of the examination should not be limited unless the information sought is clearly privileged or irrelevant. See Moore's Federal Practise, 2d Ed., Vol. 4., page 1064 et seq.

Without having seen the documents sought by the Charterers from a description of them I can only say that they generally seem to be relevant basic issues which Charterers contend they will have to prove and/or meet. Certainly I cannot say that they are clearly irrelevant.

I hesitate, under the circumstances here, to impose the drastic relief sought. Mr. Cohen's refusal to produce the documents was by advice of counsel. I have a discretion here which I feel I should exercise. After all, the end to be accomplished is the production of the documents. I, therefore, hold in abeyance the motion to punish for contempt and I direct that Mr. Cohen and through him the Brokerage Corporation to appear before a notary public who is taking the deposition within 30 days from the date of the entry of the order to be entered herein and produce such of the documents specifically set forth and described in the subpoenas as they have in their possession or under their control. In other words, I direct them to obey the subpoenas. I fix the date tentatively as April 30, 1954.

The motion of the Owner to terminate the taking of the depositions is denied. I cannot say at this time that the examination is being extended beyond reasonable limits or that the examination is being carried on in bad faith with intent to annoy or harass the witness.

The examination should be carried on with due recognition of the illness of Mr. Cohen.

Settle order.