**FOREMOST YARN MILLS, INC.,**
**Plaintiff,**
**v.**
**ROSE MILLS, INC.,**
**and**
**American Arbitration Association (a New York Corporation), Defendants.**
**Civ. A. No. 27650.**

United States District Court
E. D. Pennsylvania.

Feb. 26, 1960.

Wexler, Mulder & Weisman, Philadelphia, Pa., for plaintiff.

Goff & Rubin, Philadelphia, Pa., for American Arbitration Assn.

Carpenter, Bennett & Morrissey, Charles B. Collins, Laurence Reich, Newark, N. J., for Rose Mills, Inc.

CLARY, District Judge.

This action, in essence, is one for a preliminary injunction restraining defendants Rose Mills, Inc. and the American Arbitration Association from proceeding with an arbitration hearing on March 3, 1960, under the following circumstances.

Plaintiff, a North Carolina corporation, sold under written contracts during the year 1956 certain yarns manufactured by the plaintiff for the defendant and shipped by it to the defendant at Philadelphia, Pennsylvania. It was stated at the hearing that these sales amounted to approximately $50,000. Each contract of sale contained the standard arbitration clause providing that any controversy or claim arising out of or relating to the contract, or the breach thereof, shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof.

In or about June of 1959 defendant Rose Mills, Inc., under the terms of the contracts, demanded arbitration to resolve certain claims which it asserted against the plaintiff involving approximately $35,000 and consisting of an unpaid account of approximately $2,600 and credits of approximately $9,000 alleged to have been given by Rose Mills, Inc. to its customers because of defective yarn shipped by the plaintiff and a sum of approximately $25,000 represented as an uncollectible account from one of Rose Mills' customers because of alleged defective yarn shipped by the plaintiff to Rose Mills, Inc.

Plaintiff demanded of defendant Rose Mills, Inc. preliminary disclosure to it of all correspondence, documents and records between Rose Mills, Inc. and its customers pertaining to the above-mentioned claims prior to hearing before the arbitrators. This request was refused by Rose Mills, Inc. and the plaintiff has brought this action to restrain arbitra-

tion, pending full discovery by the plaintiff from the defendant of its claims, pursuant to the rules of discovery provided in the Federal Rules of Civil Procedure, claiming that it will suffer irreparable harm if discovery is denied. Plaintiff bottoms its demand for discovery as a matter of right under Rule 81 (a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff contends that the following language of Rule 81(a) (3) of the Federal Rules of Civil Procedure affords the right demanded:

> "In proceedings under Title 9, U.S.C., relating to arbitration, * * * these rules apply to appeals, *but otherwise only to the extent that matters of procedure are not provided for in those statutes.*" (Emphasis supplied.)

In support thereof plaintiff cites 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 642, and 1 Barron and Holtzoff, Sec. 123. While the latter section speaks of proceedings under contracts to arbitrate and states that such proceedings are governed on appeal by the Civil Rules, but otherwise only to the extent to which matters of procedure are not prescribed in the applicable statute, the language used refers to proceedings instituted under the Arbitration Act itself.

It would appear that plaintiff misapprehends the effect of Rule 81(a) (3). The Rule relates solely to proceedings under Title 9 U.S.C.A. §§ 1 to 14 inclusive. The present action is not such a proceeding. It is an ordinary action for a preliminary injunction based upon a claim of irreparable harm. What plaintiff here attempts to do is to relate the arbitration proceeding proper (i. e., the process whereby the arbitrators are made aware of the operative facts surrounding the contract, weigh these facts, and reach a decision) to a proceeding under the Arbitration Act itself, 9 U.S.C.A., Section 1 et seq. The latter proceedings are limited in scope and have nothing to do with the merits of the real controversy. The Act itself provides only for a stay of a suit brought in any court of the United States upon any issue referable to arbitration, Section 3; compelling arbitration, Section 4; appointment by the court of arbitrators or umpire, Section 5; vacation, Section 10; and modification or correction of arbitration award, Section 11. From the foregoing it is clearly evident that the Arbitration Act itself does not in any wise attempt to regulate the procedures before the arbitrators or prescribe rules or regulations with respect to hearings before arbitrators.

Apparently the only reported case in which the question presently before the Court has been considered is the case of Commercial Solvents Corporation v. Louisiana Liquid Fertilizer Company, Inc., D.C.S.D.N.Y.1957, 20 F.R.D. 359. In that case a motion was brought by the plaintiff to vacate and set aside an ex parte order and notice of taking depositions in a case which had been, as the instant case, referred to arbitration. Judge Bicks granted the motion and in a very clear discussion of the problem held flatly that the discovery rules provided by the Federal Rules of Civil Procedure were not available to such parties. He clearly distinguishes the case upon which the plaintiff in this instance places a great deal of confidence, viz. Steamship Co. of 1949, Inc. v. China Union Lines, Hong Kong, Limited, D.C.S.D. N.Y.1954, 123 F.Supp. 802.

The Court agrees with the conclusion reached by Judge Bicks that in a proceeding before arbitrators neither the statute nor the rules make available to any party thereto the discovery procedures provided in the Federal Rules of Civil Procedure. Under the circumstances, and since the plaintiff in the present action is not entitled to the discovery demanded, the request for a preliminary injunction will be refused.