666 P.2d 534

Ralph K. HELGE, Petitioner,

v.

The Honorable William E. DRUKE, Presiding, the Honorable Thomas Meehan and the Honorable Robert J. Hooker, Judges of the Superior Court, in and for the County of Pima, Respondents,

and

Ramona ARMSTRONG, Real Party in Interest.

No. 2 CA–CIV 4794.

Court of Appeals of Arizona, Division 2.

May 11, 1983.

Ralph K. Helge, Pasadena, Cal., in pro. per.

Ettinger & Deckter, P.C. by Daniel C. Gloria, Tucson, for real party in interest.

## OPINION

HOWARD, Chief Judge.

Petitioner challenges the refusal of the trial court to grant his motion for change of judge and to grant his motion to quash a subpoena duces tecum. A special action is the proper vehicle for review. *Equitable General Insurance Company v. Helm,* 128 Ariz. 6, 623 P.2d 365 (1981); *Dean v. Superior Court in and for County of Maricopa,* 84 Ariz. 104, 324 P.2d 764 (1958); *Kirkpatrick v. Industrial Commission,* 10 Ariz.App. 564, 460 P.2d 670 (1969).

The petitioner is an attorney and a resident of California. He was in Tucson attending court proceedings in the dissolution action between Herbert W. Armstrong, the patriarch of the Worldwide Church of God, and the real party in interest. Petitioner is also the private attorney for Mr. Armstrong, except for the dissolution proceedings, and is the attorney for the Worldwide Church of God. During a session on January 19, 1983, he was served in his individual capacity with a subpoena duces tecum to appear on January 26, 1983, at a deposition in Tucson. The subpoena required him to produce 26 categories of documents, all apparently located in California. Petitioner was also tendered a check for $14 for witness fees. He filed a motion for change of judge which was denied on March 14, 1983, and his motion to quash was denied the following day.

He first contends the trial court erred in denying his peremptory challenge

of the judge under Rule 42(f), Arizona Rules of Civil Procedure, 16 A.R.S. We do not agree. The rule is limited to parties. A "party" is one who is directly interested in the subject matter of the suit or some part thereof, who has a right to make defenses, control proceedings and examine and cross-examine the witnesses. It means a person who has a right to appear and contest any litigated issue in court. *Chalpin v. Mobile Gardens, Inc.,* 18 Ariz.App. 231, 501 P.2d 407 (1972). Petitioner did not have any right to appear and contest any of the issues in the dissolution proceedings and he was therefore not a "party."

Petitioner contends the trial court erred in denying his protective order because: (1) He is not subject to a subpoena duces tecum since he is not an Arizona resident; (2) the subpoena duces tecum is unreasonable and oppressive; (3) neither he nor his clients were given 15 days' notice of a request to produce documents as required by Cal.Civ. Proc.Code § 1985.3; (4) some of the documents are not in his control; (5) numerous documents belong to clients of the witness and therefore their production would violate the attorney/client privilege; (6) the real party in interest did not show good cause or relevancy; (7) he has not been tendered the fees required by statute; (8) the subpoena violates both his and his client's right of freedom of association protected under the First and Fourteenth Amendments of the United States Constitution and Article 2, Section 5 of the Arizona Constitution, and (9) the subpoena violates his and his client's right of privacy.

■ Relying on our case of *Armstrong v. Hooker,* 135 Ariz. 358, 661 P.2d 208 (1982), petitioner contends that the superior court lacked the jurisdiction to subpoena him because he is not a resident of Arizona. Petitioner's reliance is misplaced. *Armstrong v. Hooker,* supra, dealt with the question of whether an out-of-state plaintiff can be compelled to come into the jurisdiction to attend court proceedings. In holding that the court was without power to compel such presence, we stated that, in the absence of a statute, a state court cannot compel the attendance of a witness who is a non-resident of and is absent from the state. See also, *Wilcox v. Hunt,* 38 U.S. (13 Pet.) 378, 10 L.Ed. 209 (1839); *State v. Rasor,* 168 S.C. 221, 167 S.E. 396 (1933). Here, petitioner was served while he was present in Arizona. Subpoenas to compel the attendance of a witness may run to the boundaries of the state and a witness present at any place in the state may be compelled to attend.

■ Petitioner contends that even if the court had jurisdiction to subpoena him for the taking of his deposition, it did not have the power to require him to produce documents located in California. We do not agree. Courts have frequently required persons within their jurisdictions to produce books and papers which were beyond the territorial limits of the court, even in cases where the documents were located in a foreign country. Cf., *Consolidated Rendering Co. v. Vermont,* 207 U.S. 541, 28 S.Ct. 178, 52 L.Ed. 327 (1907); *First National City Bank of New York v. Internal Revenue Service,* 271 F.2d 616 (2nd Cir.1959), cert. den. 361 U.S. 948, 80 S.Ct. 403, 4 L.Ed. 381 (1960); *Securities and Exchange Commission v. Minas de Artemisa, S.A.,* 150 F.2d 215 (9th Cir.1945); *Independent Order of Foresters v. Scott.* 223 Iowa 105, 272 N.W. 68 (1936); *Copper King of Arizona v. Robert,* 76 N.J.Eq. 251, 74 A. 292 (1909); *Holly Manufacturing Co. v. Venner,* 93 N.Y. Sup.Ct. (86 Hun.) 42, 33 N.Y.S. 287 (1895); and see Annot. 82 A.L.R.2d 1403 (1962). Thus, if petitioner had *control* of the documents located in California, he can be required to produce them in Arizona. See 5A Moore's Federal Practice ¶ 45.05[1].

■ Petitioner contends that he cannot be compelled to produce records and documents of the Worldwide Church of God and a Nevada corporation called HERBERT W. ARMSTRONG, The Apostle of the Worldwide Church of God, since he had neither possession nor control over the records of these corporations. We first note that the record contains no affidavit by petitioner to support his contention that he does not have control. Second, a witness may be compelled to produce a document that he con-

**438**

trols though he does not have possession of it. *Schwimmer v. United States,* 232 F.2d 855 (8th Cir.1956), cert. den. 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52; *Bough v. Lee,* 29 F.Supp. 498 (S.D.N.Y.1939); 9 Wright & Miller, Federal Practice and Procedure: Civil § 2454 at 425. We note, however, that while the record discloses that petitioner is the secretary of the Worldwide Church of God, a California corporation, there was nothing in the record that discloses that petitioner has any relationship with the Nevada corporation. Therefore, respondents have the right to request petitioner to produce books and documents and other tangible evidence relating to the Worldwide Church of God, but not to the Nevada corporation.

■ Petitioner's contention that the subpoena duces tecum should be quashed for failure to comply with the applicable California law is without merit since the validity of the subpoena duces tecum is governed by Arizona and not California law.

■ Petitioner contends that the subpoena should be quashed because some of the material requested would violate the attorney/client privilege and because it asks him to produce material protected as his work product. Neither by a subpoena duces tecum, nor by any other procedure, may a party obtain privileged documents. Rule 26(b)(1), Arizona Rules of Civil Procedure, 16 A.R.S.[1] But the claim of privilege must normally be directed towards specific documents so that the court can rule intelligently thereon. Hence, a general objection to a subpoena may be too vague. Since petitioner's objections here were not specific, we cannot fault the trial court for denying petitioner's claim based upon privilege.

■ Petitioner asserts that the subpoena duces tecum should have been quashed because it was issued without a showing of good cause. Until 1970 it was the law in Arizona that a party at whose request the subpoena was issued had the

burden, if the subpoena were challenged, of establishing good cause for its issuance. See *State Farm Insurance Co. v. Roberts,* 97 Ariz. 169, 398 P.2d 671 (1965). This is no longer the law. The requirement of good cause was read into Rule 45 from Rule 34. That requirement has now been eliminated from Rule 34 and there is no justification for continuing to apply it to Rule 45. See "State Bar Committee Note 1970 Amendment" to Rule 34(a). Thus the burden to establish that a subpoena duces tecum is unreasonable or oppressive is on the party who seeks to have it quashed. He cannot rely on the mere assertion that compliance would be burdensome or onerous without showing the manner and extent of the burden and the injurious consequences of compliance. *United States v. International Business Machines Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y.1979); *Ghandi v. Police Department of City of Detroit,* 74 F.R.D. 115, 124 (E.D.Mich.1977); 9 Wright & Miller, Federal Practice and Procedure: Civil § 2457 at 435. Petitioner did not demonstrate below how the obedience to the subpoena duces tecum would be burdensome or oppressive. In fact, at oral argument before this court he stated that the gathering of information would be easy since the Worldwide Church of God had the most sophisticated computer system in California.

■ Petitioner contends that respondents failed to show the relevancy of the material subpoenaed. We start with the proposition that it is not necessary to establish the admissibility of documents sought to be discovered since relevancy rather than admissibility is the test in determining whether evidence sought by a subpoena duces tecum is proper. *Steamship Co. of 1949 v. China Union Lines, Hong Kong, Ltd.,* 123 F.Supp. 802 (S.D.N.Y.1954); *United States v. E.I. DuPont DeNemours & Co.,* 14 F.R.D. 341 (N.D.Ill.1953). Here the burden was on petitioner to show why the requested documents were irrelevant. *Zucker v. Sable,* 72 F.R.D. 1 (S.D.N.Y.1975);

[1]. Rule 26(b) is specifically made applicable to the subpoena duces tecum by virtue of Rule 45(e)(1).

*Cornet Stores v. Superior Court in and for County of Yavapai,* 108 Ariz. 84; 492 P.2d 1191 (1972). And see, *Hine v. Superior Court, in and for County of Yuma,* 18 Ariz. App. 568, 504 P.2d 509 (1973). Furthermore, he had the burden of pointing out, specifically, which documents were irrelevant. He did not do so and the trial court could not have decided which ones on their face, appeared to be irrelevant. Petitioner's claim that the lack of relevancy is shown by the mere fact that the documents requested belong to persons who are not parties to the dissolution proceeding is without merit.

Petitioner contends that the subpoena duces tecum should have been quashed because he was only tendered the sum of $14, a sum which is insufficient because he is required by the subpoena to go to California, get the documents and bring them back. As we have previously shown, petitioner does not have to go to California and return with the documents. As for those documents which he controlled, he had the ability to send for them. Assuming, arguendo, that a subpoena can be quashed for failure to tender the full amount of the witness fees, there was no showing here that the full amount was not tendered.

Relying on *Gibson v. Florida Legislative Investigation Committee,* 372 U.S. 539, 83 S.Ct. 889, 9 L.Ed.2d 929 (1963) petitioner contends that his right of freedom of association guaranteed by the First and Fourteenth Amendments of the United States Constitution and Article 2, Section 5 of the Arizona Constitution has been violated since the documents requested would intrude into the relationships of the witness and his clients, including his church and associated organizations and persons, without any showing whatsoever of any compelling and overriding need to do so. Petitioner's reliance on the *Gibson* case is misplaced. In *Gibson* the legislative investigation committee of the State of Florida, in its investigation of the N.A.A.C.P., sought to obtain by subpoena the entire membership of the Miami branch of the N.A.A.C.P. The com-

mittee was attempting to find out whether or not certain persons suspected of being Communists were N.A.A.C.P. members. The United States Supreme Court held that the state legislative committee failed to show the substantial connection between the local race relations association and communist activities necessary since the compelled disclosure might constitute an effective restraint of freedom of association. That is not the case here. Furthermore, we again note that petitioner was not specific in pointing out to the court which of the requested documents fell into this category.

Petitioner contends that his right of privacy was also invaded. We do not agree. Contrary to petitioner's assertion, no compelling state interest must be shown to establish a right to such information, but only relevancy. Petitioner did not bear his burden of proof in showing that they were not relevant. In any event, petitioner has again failed to make a specific objection to specific documents.

Petitioner has made one objection to the subpoena duces tecum that has merit. The designation of documents sought to be discovered must have sufficient particularity to enable the person who has possession, custody and control thereof to know what is required. *Kirkpatrick v. Industrial Commission,* supra. A blanket request for all written statements, all memoranda and other documents in defendant's possession lacks specificity and is too sweeping and undetailed to comply with the rule requirements as to designation. *Dean v. Superior Court in and for County of Maricopa,* supra. In *Kirkpatrick v. Industrial Commission,* supra, defendant's designation in the subpoena duces tecum of all documents in the possession of the industrial commission which were part of the claim file or investigation file of the plaintiff's claim did not designate the documents sought to be discovered with sufficient particularity. An inspection of the subpoena duces tecum, here, discloses that it is being used to discover what documents are in existence rather than for the purpose of inspecting them and copying them. As was

observed by the court in *Dean v. Superior Court,* supra, the better practice is for the plaintiff to ascertain, by oral or written examination, the identity of the papers he seeks and then seek a subpoena duces tecum to have them produced. Here it is more than a question of the "better practice."

■ We find that each and every one of the categories of material requested suffers from insufficient designation. We also note one of the categories requested is:

"All accounts, deposits, monies and other assets held by or subject to the control of your organization, which are in the name of RAMONA ARMSTRONG, RAMONA MARTIN, RAMONA L. MARTIN, RAMONA CRITTENDEN, HERBERT W. ARMSTRONG, WORLDWIDE CHURCH OF GOD, WORLDWIDE CHURCH OF GOD, formerly known as RADIO CHURCH OF GOD, a California corporation, HERBERT W. ARMSTRONG, The Apostle of the Worldwide Church of God and his successors, a corporation sole, WORLDWIDE CHURCH OF GOD, a California nonprofit religious corporation, or any combination thereof, or on his/her/their behalf or for his/her/their . . . ."

While a subpoena duces tecum can require the production of tangible things, Rule 45(b), Arizona Rules of Civil Procedure, 16 A.R.S., how can it be used, for example, to require the witness to bring with him to the deposition all the real estate owned by the Worldwide Church of God? It is obvious that the matters requested are not within Rule 45(b).

The order denying petitioner's motion for change of judge is affirmed. The order denying the motion to quash is vacated and set aside insofar as the production of materials is concerned (all the items listed in Exhibit One attached to the subpoena duces tecum), and the trial court is directed to enter an order quashing the requested items, but the denial of the motion to quash

is affirmed insofar as petitioner is required to appear for his deposition.

HATHAWAY and BIRDSALL, JJ., concur.