862 P.2d 246

**Jason Dax CARPENTER and Maricopa County Public Defenders, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Lawrence O. Anderson, a judge thereof, Respondent Judge,**

**The PHOENIX POLICE DEPARTMENT, ex rel. Dennis GARRETT, Chief of Police and the State of Arizona, ex rel. Richard Romley, Maricopa County Attorney, Real Parties in Interest.**

No. 1 CA–SA 93–0033.

Court of Appeals of Arizona, Division 1, Department B.

July 29, 1993.

Review Denied Nov. 30, 1993.

Dean W. Trebesch, Maricopa County Public Defender by Russell G. Born and Marie D. Farney, Deputy Public Defenders, Phoenix, for petitioners.

Robert J. Kavanagh, Phoenix Police Dept., Phoenix, for real party in interest.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for real party in interest.

## OPINION

McGREGOR, Judge.

Jason Dax Carpenter and the Maricopa County Public Defender (petitioners) bring this special action seeking review of the trial court's order quashing defendant's subpoena duces tecum directed to the Phoenix Police Department (PPD). The issue presented is whether Arizona Rule of Criminal Procedure 15.1 [1] governs formal discovery requests made on behalf of a defendant in a criminal action and directed to the law enforcement agency involved in investigating the action. If Rule 15 applies, a defendant must either direct his request to the prosecutor, *see* Rule 15.1.c, or file a motion with the trial court seeking additional material or information. *See* Rule 15.1.e. We accepted jurisdiction of this special action because the trial court's interlocutory order is not appealable. *See Kirkpatrick v. Indus. Comm'n*, 10 Ariz. App. 564, 566, 460 P.2d 670, 672 (1969). Moreover, because the discovery procedure utilized in this case follows an apparently common practice, the propriety of the challenged practice presents an issue of statewide importance. *See Lewis v. Warner*, 166 Ariz. 354, 355, 802 P.2d 1053, 1054 (App.1990). Finally, the issue presented turns solely on a question of law. *Id.*

---

1. Unless otherwise indicated, "Rule ___" refers to the Arizona Rules of Criminal Procedure.

## I.

The Maricopa County Public Defender represents Jason Dax Carpenter in a pending criminal matter. On December 3, 1992, petitioners served a subpoena duces tecum, issued by the clerk of the superior court, directing the PPD custodian of records to appear to give testimony and to bring all police reports listing or mentioning Mr. Carpenter as a witness, a defendant, or an investigative lead. Petitioners did not serve the state with a copy of the subpoena or otherwise provide notice to the state. PPD filed a motion to quash the subpoena, and petitioners moved to strike PPD's motion. Following a hearing, the trial court quashed the subpoena duces tecum. Acting sua sponte, the court also entered an order precluding the Maricopa County Public Defender's Office from directing a discovery subpoena to any third party unless it complied with Rule 15, obtained a written stipulation from all parties and an order from the court or filed an ex parte request and motion for good cause shown. Petitioners then filed this special action requesting relief from the trial court's order quashing the subpoena as well as the court's order directed to the entire Public Defender's Office. The County Attorney joined in PPD's response. This court accepted jurisdiction.

By previous order, we vacated that portion of the trial court's order that precluded the entire Public Defender's Office from directing any subpoena duces tecum to any third party. We granted relief on the grounds that the order was overbroad and usurped the Arizona Supreme Court's rule-making authority established by Ariz. Const. art. VI, § 5, subsec. 5. *See State v. City Court of City of Tucson,* 150 Ariz. 99, 103, 722 P.2d 267, 271 (1986); Rule 36, Ariz.R.Crim.P. As to the portion of the

trial court's order granting PPD's motion to quash, we denied relief with this opinion to follow.

## II.

### A.

Rule 15 is part of a comprehensive system of criminal discovery procedures promulgated to provide defendants with adequate means to discover material evidence and to provide notification to each side of the other's case-in-chief so as to avoid unnecessary delay and surprise at trial. *State v. Stewart,* 139 Ariz. 50, 59, 676 P.2d 1108, 1117 (1984); *State v. Clark,* 126 Ariz. 428, 432, 616 P.2d 888, 892, *cert. denied, Clark v. Arizona,* 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980); Arizona State Bar Committee on Criminal Law, *Arizona Proposed Rules of Criminal Procedure,* Rule 16 cmt. at 65–67 (1972) (*Proposed Rules*).[2] The discovery procedures are " 'designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.' " *State v. Lawrence,* 112 Ariz. 20, 22–23, 536 P.2d 1038, 1040–41 (1975) (quoting *Wardius v. Oregon,* 412 U.S. 470, 474, 93 S.Ct. 2208, 2211, 37 L.Ed.2d 82 (1973)).

Rule 15 defines with particularity the materials and information subject to discovery in a criminal action and the procedures a party should follow to obtain discoverable material. *See Proposed Rules,* Rule 16.1.e cmt. at 73. Rule 15.1.a explicitly describes the state's obligation to make detailed disclosures no later than ten days after arraignment.[3] Rule 15.1.b requires the state to make disclosures related to possible collateral issues, subject to defined excep-

---

**2.** The Arizona Supreme Court redesignated Rule 16 of the *Proposed Rules* as Rule 15 when it adopted the Rules of Criminal Procedure.

**3.** Rule 15.1 requires that the prosecutor make available to the defendant the names, addresses and statements of the state's witnesses; the statements of the defendant and persons who will be tried with him; the names, addresses, and reports or statements of expert witnesses; a

list of all documents and objects the state will use at trial or that were obtained from the defendant; a list of defendant's prior felony convictions to be used at trial; a list of defendant's prior acts that the state will use at trial; and all information that mitigates or negates the defendant's guilt, as well as that which would tend to reduce punishment. Rule 15.2 imposes similar disclosure duties on the defendant.

tions. Rule 15.1.c describes additional disclosures that the prosecutor must make available upon the defendant's written request.[4]

Rule 15.1.d delineates the extent of the prosecutor's duty to obtain and disclose information:

> The prosecutor's obligation under this rule extends to material and information in the possession or control of members of his staff and of any other persons who have participated in the investigation or evaluation of the case and who are under the prosecutor's control.

*See also State v. Smith,* 123 Ariz. 231, 239, 599 P.2d 187, 195 (1979) (the state has a Rule 15.1 obligation in certain circumstances to disclose information *not* in its possession or under its control if the state has better access to the information). Rule 15.1.d also obligates the state to insure a flow of all discoverable information to the prosecutor's office from all local law enforcement agencies. *See* Rule 15.1.d cmt.; ABA, Standards for Crim.Justice 11–2.2(c) (1980); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Finally, Rule 15.1.e permits the defendant to discover materials and information not otherwise covered by Rule 15.1. *See, e.g., State v. Kevil,* 111 Ariz. 240, 243, 527 P.2d 285, 288 (1974) (a defendant may use Rule 15.1.e to discover materials otherwise not covered by Rule 15.1 at the trial court's discretion). The drafters of this subsection recognized the possibility that in exceptional cases, such as those in which a private party or governmental agency not subject to the prosecutor's control possesses evidence material to the case, additional materials may exist that should be discoverable by the defendant. *Proposed Rules,* Rule 16.1.e cmt. at 73. In such cases, Rule 15.1.e[5] provides the procedure for obtaining needed materials:

> Upon motion of the defendant showing that he has substantial need in the prepa-

ration of his case for additional material or information not otherwise covered by Rule 15.1, and that he is unable without undue hardship to obtain the substantial equivalent by other means, the court in its discretion may order any person to make it available to him.

*Cf.* Rule 15.2.f (providing similar recourse for prosecutor). Rules 16.3 and 16.4 establish the specific procedures to follow to obtain the court-ordered disclosure. *See* Rule 15 cmt. at 282.

■ Here, the trial court concluded that a criminal defendant cannot use the subpoena power of the court to circumvent the rules of criminal procedure and thereby obtain discovery without the knowledge of the state or consent of the trial court. We agree.

### B.

To determine the propriety of petitioners' chosen method of discovery, we first consider whether petitioners can obtain the information they seek through the Arizona Rules of Criminal Procedure. Petitioners suggest they served the subpoena duces tecum requesting police reports from PPD to obtain information needed to advise defendant about the potential consequences of his acceptance of a plea agreement.

■ We cannot ascertain from this record whether the information sought tends to mitigate or negate guilt or to reduce defendant's punishment. If it does, the request involves documents that the prosecutor must automatically disclose in full, if the information is within the state's possession or control. *See* Rule 15.1.a.7. The question then becomes whether PPD and other law enforcement agencies in a similar position fall under the purview of Rule 15.1.d as having "participated in the investigation or evaluation of the case ... under the prosecutor's control." *See, e.g., State v. McDaniel,* 136 Ariz. 188, 195, 665

---

**4.** Upon written request, the prosecutor must disclose a list of prior felony convictions that the prosecutor will use to impeach defense witnesses and make available for testing any items listed under Rule 15.1.a.

**5.** Arizona Rule of Civil Procedure 26.b.3 guides the implementation of Rule 15.1.e. Rule 15.1.e cmt.

P.2d 70, 77 (1983) (notes of private investigator hired by co-defendant not in prosecutor's possession or control); *State v. Briggs,* 112 Ariz. 379, 383, 542 P.2d 804, 808 (1975) (FBI not deemed to be an agency under the state prosecutor's control); *Kevil,* 111 Ariz. at 243, 527 P.2d at 288 (prosecution witness not considered agent of prosecutor's office). Although Arizona's courts have never explicitly considered whether state law enforcement agencies fall under the prosecutor's control, other jurisdictions have concluded they do. In *United States v. Hsieh Hui Mei Chen,* 754 F.2d 817, 824 (9th Cir.1985), the court held that the prosecutor's disclosure obligation includes any information in the possession or control of law enforcement personnel of which it is aware. The Colorado Supreme Court interpreted Crim.P. 16.I.a.3,[6] a rule analogous to Rule 15.1.d, to require prosecutorial disclosure of information or material in the custody or possession of the sheriff's detective investigating the case. *People v. Dist. Court,* 793 P.2d 163, 166–67 (Colo.1990). The Colorado appellate court earlier held that materials in the possession of the police are constructively in the possession of the prosecution. *People v. Lucero,* 623 P.2d 424, 430 (Colo.App.1980). The New Mexico Supreme Court included police authorities as part of the "prosecutorial team" to which disclosure requirements applied. *State v. Wisniewski,* 103 N.M. 430, 435, 708 P.2d 1031, 1036 (1985). Similarly, the Oregon Supreme Court held that " 'the police are an arm of the prosecution for the purposes of the [criminal] discovery statute' " and the prosecution is responsible for evidence in police possession. *State v. Warren,* 304 Or. 428, 746 P.2d 711, 713 and n. 5 (1987) (citations omitted); ORS 135.-815.[7]

We agree that a law enforcement agency investigating a criminal action operates as an arm of the prosecutor for purposes of obtaining information that falls within the required disclosure provisions of Rule 15.1. If a defendant has reason to believe that the prosecutor has not disclosed information within the possession or control of such an agency, his proper recourse is to seek relief pursuant to Rule 15.7 rather than to circumvent the Rules of Criminal Procedure.[8] We therefore conclude that if petitioners' requested information falls within the required disclosure provisions, the Rules of Criminal Procedure direct the proper means to obtain that information.

## C.

■ Because the requested information may not be subject to mandatory disclosure, we also consider whether the Rules of Procedure provide an opportunity for a defendant to obtain information that falls outside the mandatory disclosure provisions of Rule 15.1.

If a defendant's requested information is not otherwise obtainable under Rule 15.1, Rules 15.1.e and 16.1.b permit disclosure pursuant to motion and court order. *See, e.g., State v. Moya,* 136 Ariz. 534, 538, 667 P.2d 234, 238 (App.1983) (defendant filed motion with court pursuant to Rule 16.1.b for disclosure of victim's medical records;

---

6. Crim.P. 16.I.a.3 provides:

   The prosecuting attorney's obligations ... extend to material and information in the possession or control of members of his staff and of any others who have participated in the investigation or evaluation of the case and who either regularly report, or with reference to the particular case have reported, to his office.

7. The preceding cases address discovery procedures for evidence included under Rules 15.1.a and .b and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady,* the United States Supreme Court held that the prosecutor has an obligation under the due process clause of the fourteenth amendment to the United States Constitution to disclose potentially exculpatory evidence to a defendant. *Id.* at 87, 83 S.Ct. at 1196–97.

8. Because we hold that, under these facts, PPD falls under the control of the Maricopa County Attorney, we conclude that PPD has standing to assert a Rule 15.1 violation against petitioner. Petitioners contend that under *Helge v. Druke,* 136 Ariz. 434, 666 P.2d 534 (App.1983), PPD has no standing to argue a procedural violation. *Helge* is inapposite because it applies only to preclude a non-party recipient of a subpoena duces tecum from using Ariz.R.Civ.P. 42(f) to move for a change of judge in a hearing to quash the subpoena.

grant or denial of motion within court's discretion); *State v. Birdsall,* 116 Ariz. 196, 198–99, 568 P.2d 1094, 1096–97 (App. 1977) (defendant filed Rule 15.1.e motion for disclosure of victim's school records; court granted motion and ordered issuance of subpoena duces tecum for production of records). Under Rule 15.1.e, the court can order "any person" to make available needed materials or information, assuming a defendant makes the showing required by the terms of the rule. Under any reasonable interpretation of petitioners' discovery request, the court could have made the information sought available pursuant to Rule 15.1.e. We therefore conclude that, even if the information this defendant sought is not encompassed within the mandatory disclosure provisions of Rule 15, the rules provide an adequate means for obtaining needed information.

### D.

█ Petitioners contend, however, that they did not need to comply with the rules or provide the state notice of the subpoena duces tecum directed to PPD because the subpoena reflected only an attempt at independent pretrial investigation and therefore did not trigger the formal discovery process controlled by Rule 15. They argue that the trial court's order quashing the subpoena improperly curtailed defendant's right to obtain witnesses and documentary evidence. We disagree.[9]

The Arizona Rules of Criminal Procedure do not limit the right of a criminal defendant to conduct an independent pretrial investigation. The defendant triggers the criminal discovery process encompassed in Rule 15, however, when he attempts to use the court's subpoena power to order production of materials or information. Once the defendant elects to utilize the court's authority to obtain records, he must do so according to the rules adopted by the Arizona Supreme Court.

█ Petitioners attempted to use the court's authority without complying with the applicable rules of procedure. They did not request that the prosecutor disclose the police reports under Rule 15.1.a.7; they did not move for a court order directing PPD to disclose the reports under Rule 15.1.e; and they did not notify the state that they had subpoenaed PPD to disclose the reports. We conclude therefore that the trial court properly quashed petitioners' subpoena duces tecum.

### III.

For the foregoing reasons, we deny relief from the trial court's order quashing the subpoena duces tecum.

JACOBSON, P.J., and GRANT, J., concur.

---

9. Petitioners also suggest that the trial court's order infringes defendant's sixth amendment right to process, his right to effective assistance of counsel, his fifth amendment right against self-incrimination, his due process right to formulate a defense and his right to have counsel's work product protected pursuant to Rule 15.-4.b.1. They provide neither authority nor argument showing that enforcement of Rule 15.1 infringes these rights. An appealing party must present significant arguments, supported by authority, and setting forth his position on the issue raised. Failure to do so constitutes waiver of the issue on appeal. *State v. Carver,* 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989). Because petitioners have presented neither argument nor authority, they waived these arguments on appeal.